**Roger A. MIDENCE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 14–02–00573–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

June 12, 2003.

Frank Blazek, Huntsville, for appellant.

Candace Norris, Plainview, for appellee.

Panel consists of Justices YATES, HUDSON, and FROST.

**OPINION**

LESLIE BROCK YATES, Justice.

Appellant entered a plea of not guilty to the offense of assault on a public servant. He was convicted and the jury assessed punishment at forty years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In three issues, appellant contends the trial court erred in overruling appellant's objection to the jury charge and allowing a conviction

on less than a unanimous verdict. Finding error in the court's charge, we reverse and remand for a new trial.

In his first two issues, appellant contends the trial court committed egregious error in allowing a conviction on less than a unanimous verdict and that the trial court erred in overruling appellant's objection to paragraph five in the court's charge. Appellant, a prison inmate, was charged by indictment with assaulting Jesse Rodriguez and Charles Nance, who were correctional officers in lawful discharge of their official duties. The court's charge, however, instructed the jury to find appellant guilty if they found he assaulted either Jesse Rodriguez, or Charles Nance. Appellant objected to the use of the disjunctive "or" in the court's charge because the indictment alleged the offense in the conjunctive. The trial court overruled appellant's objection.

In its brief, the State concedes the jury charge is erroneous, and we agree. The charge given in this case created the possibility of a non-unanimous jury verdict. The assault on Jesse Rodriguez was a different offense from the assault on Charles Nance. The two assaults should not have been charged in the disjunctive. *See Francis v. State*, 36 S.W.3d 121, 125 (Tex.Crim.App.2000). The trial court's charge allowed the possibility of six jurors convicting appellant of the assault on Jesse Rodriguez and six jurors convicting appellant of the assault on Charles Nance. Appellant was entitled to a unanimous jury verdict. *See id.* at 125. Therefore, the trial court erred in charging appellant in the disjunctive.

Having found error in the court's charge, we must determine whether sufficient harm resulted from the error to require reversal. *Abdnor v. State*, 871 S.W.2d 726, 731–32 (Tex.Crim.App.1994). Error in the charge, if timely objected to in the trial court, requires reversal if the error is calculated to injure the rights of the defendant. TEX.CODE CRIM. PROC. art. 36.19. In making this determination, the actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole. *Almanza v. State*, 686 S.W.2d 157, 171 (Tex.Crim.App.1984).

Unanimous verdicts are required in felony criminal cases. TEX. CONST. art. V, § 13; TEX.CODE CRIM. PROC. art. 36.29; *Kitchens v. State*, 823 S.W.2d 256, 258 (Tex.Crim.App.1991). The charge in this case allowed the jury to return a non-unanimous verdict. Because the jury was capable of returning a less than unanimous verdict, we find the charge error was harmful. We sustain appellant's first two issues.

Having sustained appellant's first two issues, we need not address his third issue. We reverse the judgment of the trial court and remand for a new trial.