126 S.W.3d 228 (2003)
In the Matter of M.P.
No. 04-02-00921-CV.
Court of Appeals of Texas, San Antonio.
November 5, 2003.
*229 Julie Pollock, Hitchings & Pollock, San Antonio, for appellant.
Alan E. Battaglia, Asst. Criminal Dist. Atty., San Antonio, for appellee.
Sitting: CATHERINE STONE, Justice, PAUL W. GREEN, Justice, KAREN ANGELINI, Justice.

OPINION
Opinion by CATHERINE STONE, Justice.
A jury found appellant, M.P., guilty of engaging in delinquent conduct by committing aggravated sexual assault. The trial judge sentenced M.P. to the Texas Youth Commission until he is twenty-one years old and required that M.P. register as a sex offender and give a blood sample for the DNA data bank. M.P. argues on appeal that the trial court erred in submitting a jury charge that allowed a conviction on less than a unanimous verdict.

FACTUAL AND PROCEDURAL BACKGROUND
In August 2001, M.R.[1] told her mother, Evelyn, about incidents of sexual abuse that occurred at the home of M.P.'s mother, Delores Nichols. Delores Nichols babysat Evelyn's children for a week in July of 2001. Evelyn testified as an outcry witness for M.R. explaining that M.P. made M.R. engage in oral penetration, and that he rubbed his sexual organ on her vaginal and anal areas. M.R. and her brother, Nathanial, also testified about these allegations.
The State prosecuted M.P. as a juvenile, charging him with engaging in delinquent conduct of aggravated sexual assault. The charged offense included four paragraphs stated in the disjunctive as to the type of sexual assault. The following paragraphs are briefly captioned below:
Paragraph A: M.P. caused the penetration of the mouth of M.R. by placing his sexual organ in M.R.'s mouth, or
Paragraph B: M.P. caused the mouth of M.R. to contact his sexual organ, or
Paragraph C: M.P. caused the anus of M.R. to contact his sexual organ, or

*230 Paragraph D: M.P. caused the sexual organ of M.R. to contact his sexual organ.

DISCUSSION
M.P. argues the jury charge contained separate and distinct offenses in a disjunctive manner versus one offense with various methods of committing that offense. Therefore, M.P. states the charge allowed a conviction on less than a unanimous jury verdict.
Preservation of Error
The Rules of Civil Procedure govern this area of juvenile proceedings unless there is a conflict within the Texas Family Code. Tex. Fam.Code Ann. § 51.17(a) (Vernon 2002); In the Matter of M.R., 858 S.W.2d 365, 366 (Tex.1993); In the Matter of P.L.W. v. State, 851 S.W.2d 383, 386 (Tex.App.-San Antonio 1993, no writ). Since there is not a specific Code provision governing jury charges in juvenile cases, the Rules of Civil Procedure apply. In the Matter of A.A.B., 110 S.W.3d 553, 555-56 (Tex.App.-Waco 2003, no pet.).
This appeal concerns a request for an additional jury charge instruction, which Texas Rule of Civil Procedure 278 governs. Under Rule 278, the requesting party "is required to request and tender to the trial court a substantially correct instruction in writing when the trial court omits the instruction from the jury charge." Mason v. S. Pacific Transp. Co., 892 S.W.2d 115, 117 (Tex.App.-Houston [1st Dist.] 1994, pet. denied); see Tex.R. Civ. P. 278.[2] However, Rule 278 must be read "in connection with Texas Supreme Court precedent addressing preservation of error in jury charges." Green Tree Fin. Corp. v. Garcia, 988 S.W.2d 776, 781 (Tex.App.-San Antonio 1999, no pet.). The Texas Supreme Court has stated that there "should be but one test for determining if a party has preserved error in the jury charge, and that is whether the party made the trial court aware of the complaint, timely and plainly, and obtained a ruling." State Dept. of Highways v. Payne, 838 S.W.2d 235, 241 (Tex.1992). In addition, Texas courts since Payne have emphasized the importance of common sense and substance over form when analyzing Rule 278. See Green Tree Fin. Corp., 988 S.W.2d at 781.
During a break in M.P.'s case, the trial judge asked both parties if there were any objections to the proposed jury charge. M.P.'s counsel stated the following:
Mr. Young: Yes, your Honor. I have one request for an addition. I would ask thaton page seven, prior to the proof that begins, `In the event you have a reasonable doubt as to whether'I would ask that we add an instruction that makes clear to the jury that of the four alternative physical acts that are alleged, that they have to be unanimous in selecting one of those physical acts as thethe crime that was committed.
My proposed instruction would read, `As to the four alternative acts presented in paragraph, Roman numeral four, you must agree unanimously that at least one of these alternatives is true beyond a reasonable doubt to find that respondent engaged in delinquent conduct.'
`If you do not unanimously find beyond a reasonable doubt that respondent committed one of these alternative alleged acts, you must find that *231 he did not engage in delinquent conduct.'
The Court: Okay. That's denied.
After closing arguments, M.P.'s counsel asked to approach the bench and the following exchange took place:
Mr. Young: I just want to make sure I preserve the issue that I object to the lack of instruction to the prosecution's allegations about the one paragraph
The Court: It's overruled.
M.P.'s counsel made the trial court aware of his request, timely and plainly, with his oral dictation in the record of his exact request and with his repeated objection after closing arguments. Therefore, M.P. did preserve error as to the requested jury instruction under the common sense Payne approach.

Jury Charge Error
Texas Penal Code section 22.021 lists the various ways to commit sexual assault in the disjunctive as separate and distinct offenses. See Vick v. State, 991 S.W.2d 830, 833 (Tex.Crim.App.1999). It has been concluded that the Legislature intended each separately described act of sexual conduct within section 22.021 to constitute a distinct statutory offense to be punished separately even if such acts occur in close temporal proximity. Id. Although the State may provide alternate legal theories for one criminal offense, aggravated sexual assault can include multiple statutory offenses in just one transaction. See id. at 834.
The jury convicted M.P. of the offense of delinquent conduct of aggravated sexual assault by choosing between disjunctive paragraphs advocated as alternate means of committing the offense. However, these "alternate means" were indeed separate offenses as stated in section 22.021. See id. at 833; see Tex. Pen.Code Ann. § 22.021 (Vernon Supp.2003). In this regard, the instant case is very similar to Francis v. State where two separate offenses of indecency with a child (touching the breasts or touching the genitals of the victim) were submitted in disjunctive form under a general verdict. See Francis v. State, 36 S.W.3d 121, 124 (Tex.Crim.App. 2000). The Court of Criminal Appeals held this to be error since it allowed for the possibility of a non-unanimous jury verdict.[3]Id. at 125. As in Francis, by submitting these offenses in the disjunctive it is possible that some jurors chose to find M.P. guilty of one of the offenses and some jurors chose another offense and still others another. Therefore, the trial court erred in submitting the jury charge in the disjunctive.

Harm Analysis
Although the Rules of Civil Procedure govern jury charges in juvenile proceedings when not in conflict with the Texas Family Code, the courts of appeals differ about whether to apply a civil harm analysis or a criminal harm analysis for jury charge error in juvenile cases.[4]See *232 Tex. Fam.Code Ann. § 51.17(a); In the Matter of M.R., 858 S.W.2d at 366; In the Matter of A.A.B., 110 S.W.3d at 555-56; In the Matter of P.L.W., 851 S.W.2d at 386. We need not decide which standard applies in the juvenile context because the result is the same under either standard in this case.
Almanza v. State explains the standard of analyzing harm from a jury charge error in a criminal setting:
If the error in the charge was the subject of a timely objection in the trial court, then reversal is required if the error is `calculated to injure the rights of defendant,' which means no more than that there must be some harm to the accused from the error. In other words, an error which has been properly preserved by objection will call for reversal as long as the error is not harmless.... [T]he actual degree of harm must be assayed in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.
Almanza v. State, 686 S.W.2d 157, 171 (Tex.Crim.App.1984). Clearly, M.P. suffered at minimum some harm from this jury charge since it is unclear whether the jury was unanimous in finding M.P. guilty of any of the offenses listed in the charge. See Francis, 36 S.W.3d at 125; Clear v. State, 76 S.W.3d 622, 624 (Tex.App.-Corpus Christi 2002, no pet.). Therefore, reversal is required since M.P. suffered harm. See Almanza, 686 S.W.2d at 171.
In using the civil standard the reviewing court must see if the error amounted "to a denial of a party's rights that it probably caused [the] rendition of an improper judgment." Wal-Mart Stores, Inc. v. Middleton, 982 S.W.2d 468, 471 (Tex.App.-San Antonio 1998, pet. denied); Tex.R.App. P. 44.1(a). To determine if an error is reversible, the "reviewing court must consider the pleadings of the parties, the evidence presented at trial, and the charge in its entirety." Island Recreational Dev. Corp. v. Republic of Texas Sav. Ass'n., 710 S.W.2d 551, 555 (Tex.1986). When this civil harm analysis standard is employed, the charge error in the present case denied M.P. the right of a unanimous jury verdict since it allowed the jury to convict him non-unanimously on distinct offenses. See Francis, 36 S.W.3d at 125; cf. Crown Life Ins. Co. v. Casteel, 22 S.W.3d 378, 388 (Tex.2000) (finding harm and requiring a new trial with a single broad-form question commingling invalid and valid theories of liability when the appellate court cannot determine if the jury based its verdict on an invalid theory). Therefore, reversal is required since this error probably did cause the rendition of an improper judgment. See Tex.R.App. P. 44.1(a).
The judgment of the trial court is reversed and the cause is remanded to the trial court for further proceedings.
NOTES
[1] M.R. was six years old at the time of trial in October of 2002.
[2] "Failure to submit a definition or instruction shall not be deemed a ground for reversal of the judgment unless a substantially correct definition or instruction has been requested in writing and tendered by the party complaining of the judgment." TEX.R. CIV. P. 278.
[3] "The breast-touching and the genital-touching were two different offenses, and therefore, should not have been charged in the disjunctive. By doing so, it is possible that six members of the jury convicted appellant on the breast-touching offense (while the other six believed he was innocent of the breast-touching) and six members convicted appellant on the genital-touching offense (while the other six believed he was innocent of the genital-touching)." Francis, 36 S.W.3d at 125.
[4] The following cases apply criminal harm analysis to jury charge error in a juvenile proceeding: Rhone v. State, 2000 WL 991559 *5, 6 (Tex.App.-Houston [1st Dist.] 2000); In the Matter of E.F., 986 S.W.2d 806, 810 (Tex. App.-Austin 1999, pet. denied); In the Matter of K.W.G., 953 S.W.2d 483, 488 (Tex.App.-Texarkana 1997, pet denied). However, the Waco Court of Appeals applies a civil harm analysis to jury charge error in juvenile proceedings. In the Matter of A.A.B., 110 S.W.3d at 558.