Affirmed in part and Reversed and Remanded in part; Majority and
Concurring Opinions filed November 16, 2004









Affirmed in part and Reversed and Remanded in part;
Majority and Concurring Opinions filed November 16, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NOS. 14-03-00950-CR

          14-03-00951-CR

          14-03-00952-CR

          14-03-00953-CR

          14-03-00954-CR

____________

 

WILLIAM CURTIS
HENDRIX,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 232nd
District Court

Harris County, Texas

Trial Court Cause Nos. 955262,
955263, 955264, 955265, 955266

 



 

M A J O R I T Y  O P I N I O N








Appellant William Curtis Hendrix was
charged with aggravated sexual assault in five cases consolidated for
trial.  Three cases (trial court cause
numbers 955262, 955263, and 955264) involved acts alleged against M.S.; two
cases (trial court cause numbers 955265 and 955266) involved acts alleged
against B.S.  A jury found appellant
guilty as charged in all five cases and assessed punishment at life
imprisonment in each case.  The trial
court ordered the sentences to run consecutively.

Appellant raises four points of error on
appeal, arguing the trial court erred by (1) charging separate offenses in the
disjunctive (point of error one); (2) failing to charge the jury on the lesser
included offenses of indecency with a child by exposure and by contact (points
of error two and three), and (3) cumulating appellant=s sentences absent
proof the convictions were for offenses occurring on or after September 1, 1997
(point of error four).  We overrule
points of error two, three, and four, and part of point of error one; we
sustain point of error one as it relates to cause number 955264.  Accordingly, we (1) affirm the judgments in
trial court cause numbers 955262, 955263, 955265, and 955266; and (2) reverse
the judgment of the trial court in cause number 955264 and remand that cause
for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

M.S. and B.S. are the minor children of
Alfred S., Jr.[1]  In 1995, Alfred separated from the children=s mother, and
B.S., his son, moved in with Alfred. 
M.S., his daughter, continued to live with her mother.  In 1997, Alfred filed for divorce, and M.S.
moved in with Alfred and B.S.








Alfred characterized appellant, ABill,@ as Athe best friend of
the family for a long time@ who was like a Abig brother@ to him.  Alfred shared a residence with appellant on
two occasions.  The first time was in
1997, when Alfred and B.S. stayed in appellant=s apartment.  The second time was in 1999, when appellant
came to live with Alfred, M.S., and B.S., in a house on Burr Street that Alfred
inherited when his father passed away in 1998. 
There was a period of about five months when Alfred and M.S. were living
with Alfred=s girlfriend at a different location, and,
during this time, B.S. lived alone with appellant in the house on Burr
Street.  According to B.S., he and
appellant slept in the same bed during that time.  Later, when Alfred and M.S. moved back into the
house on Burr Street, M.S. began sleeping in the bed with appellant, and B.S.
slept on the floor.

On August 29, 2002, Alfred, B.S., and M.S.
were visiting Alfred=s stepmother, Debbie.  M.S. was upset and asked Debbie=s fifteen-year-old
daughter to talk with her in private. 
After hearing what M.S. had to say, Debbie=s daughter told
the adults what M.S. had said, and Debbie then talked with M.S.  M.S. told Debbie appellant had molested her
and also talked about other things that appellant had done to her.  Debbie observed some bruises on M.S. and that
her vaginal area looked irritated.  When
Debbie told M.S. that Debbie had to tell Alfred, M.S. became hysterical,
begging Debbie not to tell because appellant had threatened M.S. that, if she
told, he would shoot Alfred, and CPS would take M.S. away.

After Debbie told Alfred what M.S. had
said, Alfred asked M.S. what had happened. 
M.S. replied, AHe touched me, dad.@  Alfred then took M.S. to the police
station.  From the police station, they
went to Texas Children=s Hospital, where Dr. Kathleen Ferrer
conducted a sexual assault examination of M.S. the following day.

Dr. Ferrer found bruises, in different
stages of healing, on M.S.=s buttocks and
left leg.  The genital examination did
not reveal bruising, redness, tears, or lacerations, and the hymenal ring was
intact.  A visual examination of M.S.=s anus did not
reveal any abnormal findings.  M.S. told
Dr. Ferrer that it had been about a week or so since the last time she was
sexually assaulted.  At the hospital,
M.S. also told a pediatric emergency room physician that ABill@ was the assailant
and the Alast contact@ had been a week
ago.








After M.S.=s outcry, she and
B.S. were placed in foster care.  In
October 2002, their uncle, Marcus S., became their temporary legal
guardian.  At that point in time, B.S.
had not disclosed that appellant had sexually assaulted him.  In late November 2002, Marcus took M.S. and
B.S. to see a counselor, and, toward the end of the intake session when the
psychologist asked B.S. whether he had been sexually abused, B.S. said, Ayes.@  The psychologist knew who the perpetrator was
from talking with M.S.  When he asked
B.S. if he did the same thing to him, B.S. said, Ayes.@  The day after B.S. met with the psychologist,
B.S. disclosed the sexual abuse to Marcus. 
Marcus contacted Child Protective Services, who, in turn, contacted the
police department.

On February 11, 2003, Dr. Sheela Lahoti, a
pediatrician at the Children=s Assessment Center,
examined B.S.  B.S. told Dr. Lahoti ABill@ had touched his
whole body with his hands and Aprivate@ and,
specifically, that B.S.=s buttocks, mouth, and back were touched
with appellant=s Aprivate.@  B.S. told Lahoti that he did not know how
many times this had occurred, but the last time was in 2001.  B.S. stated the contact hurt, but he did not
bleed.  The only abnormality Dr. Lahoti
observed was some mild redness around the anus.

On July 15, 2003, the grand jury returned
five indictments containing charges against appellant summarized as follows:

Trial Court Cause No. 955262

 

On
or about August 15, 2002, appellant caused the penetration of the anus of M.S.
by placing his sexual organ in the anus of M.S.;

 

On
or about August 15, 2002, appellant caused the anus of M.S. to contact the
sexual organ of appellant.

 

Trial Court Cause No.  955263

 

On
or about August 15, 2002, appellant caused the penetration of the mouth of M.S.
with the sexual organ of appellant;

 

On
or about August 15, 2002, appellant caused the mouth of M.S. to contact the
sexual organ of appellant.

 

Trial Court Cause No. 955264

 

On
or about August 15, 2002, appellant caused the penetration of the female sexual
organ of M.S. by placing his sexual organ in the female sexual organ of M.S.;

 

On
about August 15, 2002, appellant caused the penetration of the female sexual
organ of M.S. by placing his finger in the female sexual organ of M.S.;








On
or about August 15, 2002, appellant caused the sexual organ of M.S. to contact
the sexual organ of appellant.

 

Trial Court Cause No. 955265

 

On
or about August 3, 1997, appellant caused the penetration of the anus of B.S.
by placing his sexual organ in the anus of B.S.;

 

On
or about August 3, 1997, appellant caused the anus of B.S. to contact the
sexual organ of appellant.

 

Trial Court Cause No. 955266

 

On or about August 3, 1997,
appellant caused the penetration of the mouth of B.S. with the sexual organ of
appellant;

 

On or about August
3, 1997, appellant caused the mouth of B.S. to contact the sexual organ of
appellant.

Appellant pleaded not guilty in each
cause, and the five causes were tried together to a jury.  At trial, the State presented testimony from
the following witnesses:  (1) Dr. Ferrer,
who conducted the initial sexual assault examination of M.S.; (2) Officers
Stacy Romano and Blake Present, who handled M.S.=s complaint of
alleged sexual abuse; (3) M.S.; (4) Debbie S.; (5) Tiffany G., the outcry
witness for M.S.; (6) Ellen Taft, a nurse who performed a sexual assault
examination of M.S.; (7) Officer Matthew Dexter, who investigated the sexual
abuse allegations of B.S.; (8) B.S.; (9) Alfred; (10) Frank M., Alfred=s brother-in-law;
(11) Mary M., M.S. and B.S.=s nine-year-old
cousin; (12) Marcus S.; (13) Dr. Lahoti, the pediatrician who examined B.S.;
(14) Daniel Sanders and Audrey King, psychologists; and (15) Judy Rambur, a
psychologist at the Children=s Assessment
Center.  The defense presented the
testimony of Virginia Hendrix, appellant=s mother, and
Reagan Martinez, appellant=s uncle.








All five causes were submitted to the jury
in the same charge.  For each cause
number, the trial court set forth the allegations in the disjunctive.[2]  Appellant requested that the court submit
lesser included offenses of indecency with a child by contact and by exposure
for each cause number.  The trial court
submitted the lesser included offense of indecency by contact in cause number 955264,
but denied appellant=s request to submit the lesser included
offenses in the remaining four causes.

The jury found appellant guilty as charged
in all five causes and assessed punishment at life imprisonment in each
cause.  The trial court ordered each of
the sentences to run consecutively.








DISCUSSION

Point of Error One: Disjunctive Jury Charge

In his first point of error, appellant
contends the trial court erred in charging the jury in the disjunctive for each
cause number.  He contends the charge
submitted permitted the jury to convict him without reaching a consensus as to
which paragraph of the indictment the State had proven beyond a reasonable doubt,
resulting in a less than unanimous verdict.

Texas law requires a unanimous jury
verdict in felony criminal cases.  Tex. Const., art. V, ' 13; Tex. Code Crim. Proc. Ann. art.
36.29(a) (Vernon Supp. 2004); see also Molandes v. State, 571 S.W.2d 3,
4 (Tex. Crim. App. 1978) (discussing constitutional right to unanimous verdict
in felony cases); Phillips v. State, 130 S.W.3d 343, 351B52 & nn.6B7 (Tex. App.CHouston [14th
Dist.] 2004, pet. filed) (noting right to unanimous verdict is found in the
Texas Constitution). Generally, instructing the jury on alternative theories of
committing the same offense does not violate the unanimity requirement.  Martinez v. State, 129 S.W.3d 101, 103
(Tex. Crim. App. 2004); Kitchens v. State, 823 S.W.2d 256, 258 (Tex.
Crim. App. 1991).  Charging on
alternative theories, however, differs from charging on separate offenses
involving separate incidents.  Martinez,
129 S.W.3d at 103.  The latter runs afoul
of the unanimity requirement.  See
Francis v. State, 36 S.W.3d 121, 125 (Tex. Crim. App. 2000) (holding that
instances of indecency with a child constituted separate offenses against the
same victim, and it was impermissible to charge the jury in the disjunctive).

Appellant contends the jury charge for
each cause alleged separate offenses in the disjunctive and not alternative
theories of committing the same offense. 
In support he relies on three cases:  
Vick v. State, 991 S.W.2d 830 (Tex. Crim. App. 1999); Francis
v. State, 36 S.W.3d 121 (Tex. Crim. App. 2000); and In re M.P.,
126 S.W.3d 228 (Tex. App.CSan Antonio 2003, no pet.).  We begin our analysis of the alleged charge
error by examining these three cases.








In Vick, in the context of deciding
a double jeopardy question, the Texas Court of Criminal Appeals concluded that
the Legislature intended each separately described act proscribed by Penal Code
section 22.021 to constitute a separate statutory offense.  991 S.W.2d at 832-33.   Section 22.021 provides in relevant part:

(a) A person commits an offense:

(1) if the
person:                                               . .
.          

(B) intentionally or knowingly:

  
(I) causes the penetration of the anus or sexual organ of a child by any
means;

  
(ii) causes the penetration of the mouth of a child by the sexual organ
of the actor;

  
(iii) causes the sexual organ of a child to contact or penetrate the
mouth, anus, or sexual organ of another person, including the actor;

 
(iv) causes the anus of a child to contact the mouth, anus, or sexual
organ of another person, including the actor; 
or

  
(v) causes the mouth of a child to contact the anus or sexual organ of
another person, including the actor;  and

(2) if:

                                                       
. . .

(B) the victim is younger than 14
years of age. . . .

Tex. Pen. Code Ann. ' 22.021(a) (Vernon
Supp. 2004).

In reaching the conclusion that section
22.021 describes separate offenses, the Texas Court of Criminal Appeals
reasoned:








Article 22.021 is a conduct‑oriented
offense in which the legislature criminalized very specific conduct of several
different types.  Also, the statute
expressly and impliedly separates the sections by Aor,@ which is some indication that any
one of the proscribed conduct provisions constitutes an offense.  A more compelling demonstration of
legislative intent is reflected in the specific conduct prohibited in the four
sections applicable to this case.  Section
(i) prohibits penetration of a male or female child=s anus or the sexual organ of a
female child.  The focus is on
penetration of the child=s genital area.  Somewhat related is section (ii), which
prohibits penetration of the child=s mouth by the defendant=s sexual organ.  Both
section (i) and section (ii) concern penetration of the child, one focusing on the
genital area, and the other on the mouth. 
In contrast, sections (iii) and (iv) address penetration and contact of
another in a sexual fashion, by the sexual organ or anus of the child.  The statute criminalizes many types of
sexually assaultive conduct with a child. 
Yet, each section usually entails different and separate acts to commit
the various, prohibited conduct.  This
specificity reflects the legislature=s intent to separately and distinctly criminalize any act
which constitutes the proscribed conduct. 
An offense is complete when a person commits any one of the proscribed
acts.  In sum, Sec. 22.021 is a conduct‑oriented
statute;  it uses the conjunctive Aor@ to distinguish and separate
different conduct;  and its various
sections specifically define sexual conduct in ways that usually require
different and distinct acts to commit.  These
considerations lead us to conclude that the Legislature intended that each
separately described conduct constitutes a separate statutory offense.

 

Vick, 991 S.W.2d at 832B33.[3]








In Francis, the defendant was
charged with one count of indecency with a child in a single paragraph
indictment.[4]  36 S.W.3d at 122.  The State
presented evidence of four distinct acts of indecency with a child, two acts of
touching the victim=s breasts and two acts of touching the
victim=s genitals, with
each act occurring at a different date and time.  Id. 
The State elected to pursue a conviction based on two separate
incidents, one involving touching the victim=s breasts and one
involving touching the victim=s genitals.  The jury charge inquired whether the
defendant engaged Ain sexual contact by touching the breast
or genitals.@  Id.
at 124.  The Francis court found
two separate offenses were submitted erroneously to the jury in the
disjunctive.  Id. at 125.  ABy doing so, it is
possible that six members of the jury convicted appellant on the breast‑touching
offense (while the other six believed he was innocent of the breast‑touching)
and six members convicted appellant on the genital‑touching offense
(while the other six believed he was innocent of the genital‑touching).@  Id.

In re M.P., the final case
cited by appellant, involves a challenge to the jury charge in an aggravated
sexual assault case.  126 S.W.3d at
231.  In M.P., the juvenile
defendant was charged with a single offense, and, as described by the appellate
court, the jury charge contained the following paragraphs:

Paragraph
A:         M.P. caused the penetration of
the mouth of M.R. by placing his sexual organ in M.R.=s mouth, or

Paragraph B: M.P. caused the mouth
of M.R. to contact his sexual organ, or

Paragraph C: M.P. caused the anus
of M.R. to contact his sexual organ, or

Paragraph D:         M.P. caused the sexual organ of M.R. to contact his sexual
organ.








Id. at 229B30.  Relying on Vick and Francis,
the San Antonio Court of Appeals held the trial court erred by submitting the
charge in the disjunctive because Aby submitting
these offenses in the disjunctive it is possible that some jurors chose to find
M.P. guilty of one of the offenses and some jurors chose another offense and
still others another.@  Id.
at 231.

In this case, appellant was charged with
five separate indictments in five separate cause numbers.  With the exception of trial court cause
number 955264, the charges submitted for the four other causes contained two
alternatives: (1) causing penetration of a single body part of one
victim by appellant=s sexual organ; or (2) causing the same
body part of the same victim to contact appellant=s sexual
organ.  The four charges did not require
the jury to unanimously agree upon one of the two alternatives, penetration or
contact, upon reaching its verdict. Thus, it is possible that some of the
jurors could have found appellant guilty of penetration, and some of the jurors
could have found appellant guilty of contact. 


However, with respect to cause numbers
955262, 955263, 955265, and 955266, the penetration alleged also necessarily
included contact.  See Vick, 991
S.W.2d 830, 834 n.2 (stating Apenetration of the
genitals necessarily includes contact@)  Therefore, in these four causes, the jury, at
a minimum, unanimously found appellant guilty of contact.[5]  We conclude that unlike Vick, Francis,
and M.P., the charges submitted in cause numbers 955262, 955263,
955265, and 955266 did not deprive appellant of a unanimous verdict because all
of the jurors who believed there was penetration necessarily also believed that
antecedent contact had occurred, and a non-unanimous verdict was not
possible.  Thus, there was no error
implicating appellant=s right to a unanimous verdict in cause
numbers 955262, 955263, 955265, and 966266.








Trial court cause number 955264, however,
presents a different situation because in addition to being charged on the
lesser included offense of indecency with a child by contact, the jury was
charged it could find appellant guilty:

[I]f you find from the evidence
beyond a reasonable doubt that on or about the 15th day of August 2002, in
Harris County, Texas, the defendant did then and there unlawfully,
intentionally or knowingly cause the penetration of the female sexual organ
of [M.S.], a person younger than fourteen years of age and not the spouse
of the defendant, by placing his sexual organ in the female sexual organ of
[M.S.];

or

If you find from the evidence
beyond a reasonable doubt that on or about the 15th day of August 2002, in
Harris County, Texas, the defendant, did then and there unlawfully,
intentionally or knowingly cause the penetration of the female sexual organ
of [M.S.], a person younger than fourteen years of age and not the spouse
of the defendant, by placing his finger in the female sexual organ of [M.S.];

or

If you find from the evidence
beyond a reasonable doubt that on or about the 15th day of August 2002, in
Harris County, Texas, the defendant did then and there unlawfully,
intentionally or knowingly cause the sexual organ of [M.S.], a person
younger than fourteen years of age and not the spouse of the defendant, to
contact the sexual organ of the defendant;

then you will find the defendant
guilty as charged in the indictment.

(Emphasis added.)








By submitting the above three offenses in
the disjunctive, it is possible that some jurors found appellant guilty of
digital penetration of M.S.=s sexual organ and
other jurors chose to find appellant guilty of penetrating or contacting M.S.=s sexual organ
with his sexual organ.  See Tex. Pen. Code Ann. '
22.021(a)(1)(B)(i), (iii); M.P., 126 S.W.3d at 230-31.  Unlike the other four charges describing
penetration and contact by the same means, the charge in cause number 955264
disjunctively submits two distinct means of penetrating M.S.=s sexual organ,
digital and genital, and sexual organ to sexual organ contact.[6]  We conclude appellant was entitled to a
unanimous jury verdict, and the trial court erred in submitting this charge in
the disjunctive.  See id.; Midence
v. State, 108 S.W.3d 564, 565 (Tex. App.CHouston [14th
Dist.] 2003, no pet.).  

Harm Analysis

Having found error in the court=s charge, we must
determine whether sufficient harm resulted from the error to require
reversal.  Appellant concedes that he did
not object to the jury charge, and, therefore, we may reverse only Aonly if the error
is so egregious and created such harm that [appellant] >has not had a fair
and impartial trial=Cin short >egregious harm.=@  Almanza v. State, 686 S.W.2d 157, 171
(Tex. Crim. App. 1985).  An appellate
court must examine the relevant portions of the entire record to determine
whether appellant suffered any actual harm as a result of the error.  Hisey v. State, 129 S.W.3d 649, 653
(Tex. App.CHouston [14th Dist.] 2004, pet.
granted).  We are to determine the actual
degree of harm Ain light of the entire jury charge, the
state of the evidence, including the contested issues and weight of probative
evidence, the argument of counsel and any other relevant information revealed
by the record of the trial as a whole.@  Almanza, 686 S.W.2d at 171.  

The Texas Constitution guarantees due
course of law and provides that a defendant charged with a felony must be
convicted by a unanimous jury. See Tex.
Const. art. I, ' 19, art. V, ' 13; Tex. Code Crim. Proc. Ann. art. 36.29; see
Kitchens, 823 S.W.2d at 258 n.2; Midence, 108 S.W.3d at 565; Hanson
v. State, 55 S.W.3d 681, 693 (Tex. App.CAustin 2001, pet.
ref=d).  The Texas Penal Code requires that Ano person may be
convicted of an offense unless each element of the offense is proved beyond a
reasonable doubt.@  Tex. Pen. Code Ann. ' 2.01 (Vernon
2003).  








The errors in the charge for cause number
955264 enabled the jury to possibly return a non-unanimous guilty verdict.  Because the erroneous charge made it possible
for the jury to return a less than unanimous guilty verdict, we find the charge
error was harmful.  See Clear v. State,
76 S.W.3d 622, 623-24 (Tex. App.CCorpus Christi
2002, no pet.) (holding submission of disjunctive charge instructing the jury
to find the defendant guilty of aggravated sexual assault if it found that he
either penetrated the child=s female sexual
organ with his finger or penetrated or contacted it with his sexual organ
constituted egregious harm because it deprived the defendant of his right to a
unanimous jury verdict Ain that we cannot determine that the jury
was unanimous in finding [the defendant] guilty of either penetration offense.@)

Accordingly, we sustain appellant=s first point of
error as to trial court cause number 955264, and reverse the judgment of the
trial court and remand cause number 955264 for further proceedings consistent
with this opinion.  As to trial court
cause numbers 955262, 955263, 955265, and 966266, we conclude there was no
error and overrule appellant=s first point of
error as to these four causes.  

Points of Error Two and Three: Refusal to Submit
Lesser Included Offenses

In his second and third points of error,
appellant challenges the trial court=s refusal to
submit the lesser included offenses of indecency with a child by exposure and
indecency with a child by contact. 
Appellant requested that these lesser included offenses be submitted in
each cause.  The court submitted
indecency by contact in cause number 955264, in which digital and penile
contact were charged in the disjunctive. 
As to the remaining four causes, the trial court denied appellant=s request and
responded, A[Y]ou can=t have a lesser of
penile contact with anything.  That=s not indecency if
it=s penile contact,
that=s aggravated
sexual assault.@  








To determine whether a defendant is
entitled to a lesser included offense instruction, a two-prong test applies:
(1) the lesser included offense must be included within the proof necessary to
establish the offense charged; and (2) some evidence must exist in the record
that would permit a jury rationally to find that if the defendant is guilty, he
is guilty only of the lesser included offense. 
See Arevalo v. State, 970 S.W.2d 547, 548 (Tex. Crim. App.
1998); Rousseau v. State, 855 S.W.2d 666, 672-73 (Tex. Crim.
App.1993).  Indecency with a child may be
a lesser included offense of aggravated sexual assault on a case-by-case
basis.  See Cunningham v. State,
726 S.W.2d 151, 153 (Tex. Crim. App.1987). 
AWhat must be
decided in light of the offense charged and the facts proved is whether in
this cause indecency with a child is a lesser included offense of the one
alleged.@  Id. (citing Campbell v. State,
571 S.W.2d 161 (Tex. Crim. App. 1978)).  

Here, the first prong of the test is
satisfied if the evidence at trial raises the issue that the defendant intended
to arouse or gratify his sexual desire while in the course of committing the
alleged penetration or contact.  See
id. at 154B55; 
see also Ochoa v. State, 982 S.W.2d 904, 908 (Tex. Crim. App.
1998) (in context of double jeopardy case, stating a charge on the lesser
included offense of indecency with a child, in addition to aggravated sexual
assault, is required if the evidence at trial raised the issue that the
defendant intended to arouse or gratify his sexual desire while in the course
of committing the alleged penetration or contact).  In the present case, there is ample evidence
from which a rational fact finder easily could infer that when appellant made
sexual contact with the complainants, his conduct included an intent to arouse
or gratify his own sexual desire.  See
Cunningham, 726 S.W.2d at 154 (citing cases containing evidence comparable
to evidence in present case). 








          As to the second prong, for a defendant
to be entitled to a lesser included offense instruction on indecency with a
child, there must be some evidence in the record that would permit a jury
rationally to find that, if the defendant is guilty, he is guilty only
of indecency with a child.  See
Rousseau, 855 S.W.2d at 673-75; Easter v. State, 867 S.W.2d 929, 941 (Tex. App.CWaco 1993, pet. ref=d). 
This requirement may be satisfied (1) if evidence either affirmatively
refutes or negates an element establishing the greater offense, or (2) the
evidence on the issue is subject to two different interpretations, and one of
the interpretations negates or rebuts an element of the greater.  Schweinle v. State, 915 S.W.2d 17, 19
(Tex. Crim. App. 1996).  Anything more
than a scintilla of evidence from any source is sufficient to entitle a
defendant to submission of the issue, and this court may not consider whether
the evidence is credible, controverted, or in conflict with other
evidence.  See id. at 18; Havard
v. State, 800 S.W.2d 195, 216 (Tex. Crim. App.1989); Upchurch v. State,
23 S.W.3d 536, 538 (Tex. App.CHouston [1st
Dist.] 2000, pet. ref=d). 
The Court of Criminal Appeals has stated:

It is not enough
that the jury may disbelieve crucial evidence pertaining to the greater
offense.  Rather, there must be some
evidence directly germane to a lesser-included offense for the factfinder to
consider before an instruction on a lesser-included offense is warranted.

Skinner v. State, 956 S.W.2d 532, 543 (Tex. Crim.
App. 1997).

Appellant contends the following evidence
permitted the jury to find appellant was guilty only of indecency by
contact or by exposure: (1) medical testimony and records indicating normal
physical examinations with no evidence of anal or oral penetration; (2)
testimony by both children involving incidents lacking penetration, such as
touching their anal or genital areas and masturbation in their presence; (3) a
cousin=s testimony
appellant touched B.S. and M.S. and that sometimes M.S. was clothed when the
touching occurred; (4)  expert testimony
that children often confuse penetration with mere rubbing or friction on their
body parts; and (5) the children=s medical records
containing numerous statements by the children that they had been touched on
their sexual organs and anuses.  

The evidence cited by appellant is not
inconsistent with and does not refute the evidence of aggravated sexual assault
in this case.  B.S. and M.S. both
testified that appellant penetrated their mouths and anuses with his sexual
organ.  M.S. also testified that
appellant penetrated her sexual organ with his sexual organ.  Their testimony is not subject to different
interpretations.  The additional evidence
cited by appellant showing that there also was inappropriate touching and
masturbation does not negate or rebut the penetration element of the greater
offense of aggravated sexual assault.








As to the expert testimony cited by
appellant, there was medical testimony from experts stating that a normal exam
was not inconsistent with the type of abuse about which B.S. and M.S.
complained.  Additionally, the medical
expert testimony that children may often confuse penetration with rubbing or
friction does not rebut the specific testimony by M.S. and B.S. that appellant
penetrated their mouths and anuses, and, in M.S.=s case, her sexual
organ.

Although there may have been evidence to
support appellant=s claim that he committed the lesser
included offense of indecency, we find no conflict raised by the evidence that
would enable a rational finder of fact to conclude that appellant was guilty only
of the lesser included offenses of indecency with a child by exposure or by
contact.  Accordingly, we hold the trial
court did not err in denying appellant=s requests for
instructions on the lesser included offenses and overrule points of error two
and three.  

Point of Error Four:  
Cumulation of Life Sentences

In his fourth point of error, appellant
challenges the trial court=s order cumulating
his five life sentences.  Appellant
contends that the trial court erred by cumulating his sentences because the
indictments in cause numbers 955265 and 955266 allege offense dates predating the
effective date of the statute authorizing cumulation, and the jury charge
permitted the jury to base its verdicts on offenses committed any time within
the ten-year period of limitations. 
Additionally, appellant complains of the State=s failure to elect
a Aparticular date
for conviction of any of the myriad offenses brought out by the evidence.@  

We first address appellant=s complaint
regarding the State not electing a particular date.  Generally, when the evidence shows two or
more acts of sexual assault, each of which is an offense for which the
defendant may be convicted, and the indictment charges only one offense, if the
accused makes a motion for election, the State is required to elect which act
it will rely upon to secure a conviction. 
Crawford v. State, 696 S.W.2d 903, 906 (Tex. Crim. App.
1985);  Bates v. State, 305 S.W.2d
366, 368 (Tex. Crim. App. 1957).  This
case involves repeated sexual assaults against B.S. and M.S.  The record reflects no request








 by appellant in
the trial court that the State elect the separate acts upon which it was
relying for a conviction.  The absence of
a request for election by appellant waives this issue on appeal.  See Tex.
R. App. P. 33.1; Gallegos v. State, 756 S.W.2d 45, 47 (Tex. App.CSan Antonio 1988, pet. ref=d).  We overrule this part of point four.  

We next address appellant=s contention that
the trial court erred in cumulating the sentences for causes 955265 and
955266.  Appellant raises the cumulation
issue for the first time on appeal. 
Because A[a]n improper cumulation order is, in
essence, a void sentence, and such error cannot be waived,@ we examine
whether it was error for the trial court to cumulate these two sentences.  See LaPorte v. State, 840 S.W.2d 412,
415 (Tex. Crim. App. 1992); Nicholas v. State, 56 S.W.3d 760, 764 (Tex.
App.CHouston [14th
Dist.] 2001, pet. ref=d); see also Levy v. State, 818
S.W.2d 801, 802 (Tex. Crim. App. 1991) (holding sentences not authorized by law
are void and that a defect which renders a sentence void may be raised at any
time).  

Texas Penal Code section 3.03 addresses
when sentences for offenses arising out of the same criminal episode are to run
concurrently or consecutively.  Tex. Pen. Code Ann. ' 3.03 (Vernon
2003).  As a general rule, when a
defendant is convicted of multiple offenses that have been properly joined and
prosecuted in a single trial, such sentences must run concurrently.  Tex.
Pen. Code Ann. ' 3.03(a). 
In 1997, the legislature carved out several exceptions to this general
rule.  Tex.
Pen. Code Ann. ' 3.03(b). 
The exception applicable to this case permits a trial court to impose
consecutive sentences for a defendant found guilty of more than one offense
arising out of the same criminal episode when each sentence is for a conviction
of aggravated sexual assault of a child. 
Tex. Pen. Code Ann. '
3.03(b)(2)(A).  This exception applies
only to offenses committed on or after September 1, 1997:

(a)     The change in law made by this Act applies
only to an offense committed on or after the effective date [September 1, 1997]
of this Act.  For purposes of this
section, an offense is committed before the effective date of this Act if any
element of the offense occurs before the effective date.








(b)     An
offense committed before the effective date of this Act is covered by the law
in effect when the offense was committed, and the former law is continued in
effect for that purpose.

Act of June 13, 1997, 75th Leg., R.S., ch.667, ' 7, 1997 Tex. Gen.
Laws 2250, 2252-53.  

          Appellant asserts that the pre-September
1, 1997 offense date recited in the indictments and judgments for causes 955265
and 955266 bars cumulation of the two sentences.  Both indictments state that the offenses
against B.S. occurred Aon or about August 3, 1997,@ and both
judgments recite an offense date of August 3, 1997.[7]           

Under section 3.03, the date that
appellant committed the offenses against B.S. determines whether the sentences
are to run consecutively or concurrently. 
If the evidence shows that appellant committed the offenses against B.S.
before September 1, 1997, the sentences for these offenses may not be
cumulated.  However, if the evidence
shows the offenses were committed on or after September 1, 1997, cumulation is
permitted.








Typically, the date alleged in the
indictment is an approximation that allows the State to prosecute a defendant
for acts occurring within the limitations period.  See Sledge v. State, 953 S.W.2d 253,
256 (Tex. Crim. App.1997); Addicks v. State, 15 S.W.3d 608, 611 (Tex.
App.CHouston [14th
Dist.] 2000, pet. ref=d). 
The Aon or about@ language of an
indictment allows the State to prove a date other than the one alleged in the
indictment as long as the date is anterior to the presentment of the indictment
and within the statutory limitations period. 
Id.; see Thomas v. State, 753 S.W.2d 688, 693 (Tex. Crim.
App.1988) (AWhere an indictment alleges that some
relevant event transpired >on or about= a particular
date, the accused is put on notice to prepare for proof that the event happened
at any time within the statutory period of limitations.@).  The statute of limitations for aggravated
sexual assault of a child is ten years from the eighteenth birthday of the
victim.  Tex. Code Crim. Proc. Ann. art. 12.01(5)(B)(Vernon Supp.
2004).

In his brief, appellant acknowledges that
the prosecutor Aaccurately@ informed the jury
that they could base their verdicts on offenses occurring Asometime within
the natural lifetime of [M.S.] and [B.S.].@  The jury charge also properly permitted the
jury to base its verdicts in each of the five causes on offenses occurring any
time within the ten-year period of limitations.[8]  We overrule appellant=s sub-point
regarding limitations.  








Appellant=s primary
complaint regarding cumulation is that the indictments and judgments in causes
955265 and 955266 each state an offense date of August 3, 1997, a date prior to
the exception in section 3.03 allowing for cumulation, and that the
pre-September 1, 1997 date renders the cumulation orders for these two causes
invalid.  We disagree that the August 3,
1997 offense date recited in the judgments renders the cumulation orders in
these two causes invalid.  The trial
court had the discretion to cumulate the two sentences under section 3.03(b),
as long as there was some evidence that the offenses occurred after September
1, 1997.  See Owens v. State, 96
S.W.3d 668, 671-72 (Tex.
App.CAustin 2003, no pet.) (AAlthough the
victim=s testimony
sometimes conflicted as to dates of the sexual assaults, a reasonable view of
the evidence as a whole supported the trial court=s exercise of its
discretion to run [the] sentences consecutively.@).  Because the State used the phrase Aon or about@ in the
indictment, it was free to prove that these offenses occurred on any date prior
to the presentment of the indictment, July 15, 2003, and within the statutory
limitations period, which had not expired. 
See Glenn v. State, 436 S.W.2d 344, 345-46 (Tex. Crim. App.
1969); Owens, 96 S.W.3d at 671-72 (holding trial court has discretion to
cumulate sentences under section 3.03(b) when there is some evidence that the
offenses occurred after September 1, 1997); Yebio v. State, 87 S.W.3d
193, 195-96 (Tex. App.CTexarkana 2002, pet. ref=d) (concluding
prior statute applied where evidence showed that assaults occurred during the
day before the beginning of the 1997 school year (before September 1, 1997),
although the indictments alleged the offenses occurred on or about September 5,
1997, and reforming the judgment to provide that the defendant=s sentences run
concurrently instead of consecutively).  

We review the record to determine whether
there is some evidence that the offenses occurred on or after September 1,
1997.  The record shows that B.S. was born
on November 5, 1989, and he was thirteen years old when he testified at
trial.  B.S. testified that the last time
appellant sexually abused him was in 2001, when he was eleven years old.  Dr. Lahoti corroborated B.S.=s testimony,
testifying that he told her that the last time he was assaulted by appellant
was in 2001.  Alfred, B.S.=s father,
testified that the first time he and B.S. shared a residence with appellant was
in 1997, after Alfred was injured.  In
1999, Alfred, B.S., M.S., and appellant all lived in the Burr Street house
together, after Alfred=s father passed away.  The evidence showed that B.S. and appellant
continued to live together and sleep in the same room up until the time of M.S.=s outcry in late
August 2002.  

M.S. testified that when they lived at the
Burr Street house, which was after September 1, 1997, she saw appellant A[s]tick his
private part in [B.S.=s] behind and mess with [B.S.=s] private part.@  Additionally, Marcus, the children=s uncle and
current legal guardian, testified about an incident that occurred on January
17, 2001, when he went to the Burr Street house and found the door to the
bedroom that appellant and B.S. shared locked. 
When Marcus finally gained entry into the room, he noticed appellant was
sweating and B.S. looked scared.  








The evidence shows that the incidents of
sexual abuse against B.S. continued to occur up until 2001, well after the
September 1, 1997 effective date of the cumulation statute.  Appellant does not address the evidence in
the record showing that incidents of sexual abuse against B.S. occurred on or
after September 1, 1997, and appellant has not cited any evidence, besides the
offense dates recited in the indictment and judgments, showing that  the offenses against B.S. occurred prior to
September 1, 1997.  

We conclude that, as a whole, the evidence
supports the trial court=s exercise of its discretion under section
3.03(b) to order appellant=s sentences in
causes 955265 and 955266 to run consecutively. 
We overrule appellant=s fourth point of
error.

                                                   CONCLUSION

 We affirm the
judgments in trial court cause numbers 955262, 955263, 955265, and 955266, and
reverse and remand cause number 955264 for further proceedings consistent with
this opinion.

 

 

 

/s/      John S. Anderson

Justice

 

 

Judgment
rendered and Majority and Concurring Opinions filed November 16, 2004.

Panel
consists of Justices Anderson, Hudson, and Frost.  (Hudson, J. concurring.)

Publish
C Tex. R. App. P. 47.2(b).

 

 











[1]  At the time of
trial in August 2003, B.S. was thirteen and M.S. was eleven.





[2]  For example,
the following charge for trial court cause number 955262 was submitted to the
jury:

 

Cause No. 955262

 

Now, if you find from the evidence beyond a reasonable
doubt that on or about the 15th day of August 2002, in Harris County, Texas,
the defendant did then and there unlawfully, intentionally or knowingly cause
the penetration of the anus of [M.S.], a person younger than fourteen years of
age and not the spouse of the defendant, by placing his sexual organ in the
anus of [M.S.];

 

or

 

If you find from the evidence beyond a reasonable
doubt that on or about the 15th day of August 2002, Harris County, Texas, the
defendant did then and there unlawfully, intentionally or knowingly cause the
anus of M.S., a person younger than fourteen years of age and not the spouse of
the defendant, to contact the sexual organ of the defendant; 

 

then you will find the defendant guilty as charged in
the indictment.

 

Unless you so find from the evidence beyond a
reasonable doubt, or if you have a reasonable doubt thereof, you will acquit
the defendant and say by your verdict ANot
Guilty.@

 

(Emphasis
added).

 

 





[3]  The State
argues on appeal that A[t]he indictments in each of the five cases alleged
alternative theories of committing the same offense, not multiple offenses
involving separate incidents.@  The State=s argument is contrary to Vick=s holding that section 22.021 describes separate
offenses, and the State fails to explain why Vick is not controlling.

 

We conclude the Texas Court of Criminal
Appeals= construction of the statute in Vick is
controlling because the Legislature has not made any changes to section 22.021
in this regard since Vick, and A[w]hen
the Legislature meets, after a particular statute has been judicially
construed, without changing that statute, we presume the Legislature intended
the same construction should continue to be applied to that statute.@  Marin v.
State, 891 S.W.2d 267, 271-72 (Tex. Crim. App. 1994).  





[4]  Texas Penal
Code section 21.11, which proscribes indecency with a child, provides in
relevant part the following:

 

(a)        A person commits an offense if, with a child younger than 17
years and not the person=s spouse, whether the child is of the same or opposite
sex, the person:

 

(1)        engages in sexual contact with the child or causes the child
to engage in sexual contact;  or

 

(2)        with intent to arouse or gratify the sexual desire of any
person:

    (A)   exposes
the person=s anus or any part of the person=s genitals, knowing the child is present;  or

 

      (B) causes
the child to expose the child=s anus or any part of the child=s genitals.

 

Tex. Pen. Code Ann. ' 21.11(a) (Vernon 2003).          





[5]  We note that
the prosecutor argued with regard to one of the charged offenses that:

 

For [M.S.] we have penetration for mouth, contact or penetration.  And you don=t have
to agree which way the State proved it, still a guilty verdict if six believe
he contacted mouth and six believe that he penetrated her with his sexual
organ, it is still guilty of aggravated sexual assault because she is so
young.  The law says penetration or contact,
it=s still a guilty verdict.  So you don=t need
to spend a whole lot of time about whether it=s
penetration or contact.





[6]  As discussed supra,
section 22.021 describes separate offenses, and an offense under this section
is complete when a person commits any one of the proscribed acts.  To ensure a jury=s verdict is unanimous, each offense should be
submitted separately, and the jury should be instructed to reach a unanimous
verdict as to each offense for which the jury finds guilt beyond a reasonable
doubt.





[7]  The
indictments in cause numbers 955262, 955263, and 955264 state the offenses
against M.S. occurred Aon or about August 15, 2002,@ well after the effective date of section 3.03.  Appellant does not specifically complain on
appeal that cumulation of his three sentences involving M.S. was improper.  Moreover, the record contains evidence
indicating that appellant committed these offenses against M.S. after September
1, 1997. 





[8]  The charge
instructed the jury as follows:

 

The State
is not bound by the specific date that the offense, if any, is alleged in the
indictment to have been committed, but a conviction may be had upon proof
beyond a reasonable doubt that the offense, if any, was committed at any time
within the period of limitations.  The
limitation period applicable to the offense of aggravated sexual assault of a
child is ten years from the date of the 18th birthday of the victim of the
offense.