

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00580-CV

**IN THE MATTER OF A.C.**, a Child

From the 289th Judicial District Court, Bexar County, Texas
Trial Court No. 2018JUV00416
Honorable Daphne Previti Austin, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Sandee Bryan Marion, Chief Justice
                  Luz Elena D. Chapa, Justice
                  Liza A. Rodriguez, Justice

Delivered and Filed: February 27, 2019

AFFIRMED

A.C., a juvenile, appeals his adjudication for engaging in the delinquent conduct of assault-bodily injury, as found by a jury. A.C.'s sole issue on appeal is that the trial court reversibly erred by submitting a jury instruction on the law of the parties. Because the evidence shows A.C. acted as a principal, any error in submitting the instruction was harmless. We therefore affirm the trial court's order of adjudication.

## PROCEDURAL BACKGROUND

A.C. was alleged to have engaged in delinquent conduct of assault-bodily injury by intentionally, knowingly, and recklessly causing bodily injury to A.W., specifically by kicking A.W. on December 1, 2017. A.C. pled not true to the allegation at a jury trial.

The State's allegation against A.C. was based on an incident that was video recorded on a cell phone. The video recording, which was admitted at trial,[1] appears to show several children wearing backpacks walk away from a school bus in a residential area. The video shows a child pushing A.W. down on to a driveway, and then shows another child—who was wearing a red shirt and red shoes—run toward A.W., who was lying on the ground. Although the car parked in the driveway temporarily obstructs the cell phone's view of the incident, the video recording shows the child wearing the red shirt taking his foot off of A.W.

A.W., several children who were present, a school administrator, and a school district police officer testified at trial. A.W. testified A.C. kicked him in the face. Several of the other children testified and said they did not see exactly what had happened. But according to the school administrator, A.C. admitted he was present, but stated he was "stepping back." The police officer testified A.C. was wearing red shoes and a red shirt on the day of the incident.

At the charge conference, A.C. objected to including a law-of-the-parties instruction in the jury charge. A.C. argued there was no evidence connecting A.C.'s actions with the child who pushed A.W. The trial court overruled the objection and submitted the following law-of-the-parties instruction:

> Our law provides a person is criminally responsible as a party to an offense if the offense is committed by his own conduct, by the conduct of another for which he is criminally responsible, or by both. Each party to an offense may be charged with commission of the offense.
> A person is criminally responsible for an offense committed by the conduct of another if acting with intent to promote or assist the commission of the offense he solicits, encourages, directs, aids or attempts to aid the other person to commit the offense. Mere presence alone will not make a person a party to an offense.

---

[1] The video recording was admitted over A.C.'s objection. A.C. does not challenge the trial court's evidentiary ruling on appeal.

The trial court also instructed the jury to find the State's allegation true if it found A.C. "act[ed] alone or together with another party." The jury returned its verdict, finding the State's allegation true. After adjudication and disposition, A.C. filed a timely notice of appeal.

## CHARGE ERROR

A.C.'s sole issue on appeal is that the trial court erred by submitting the law-of-the-parties instruction because it was not supported by the evidence. The State argues that any error in submitting the instruction was harmless. "If the evidence clearly supports a jury finding that the defendant is guilty as the principal actor, any error in charging on the law of parties is harmless." *Baltierrez v. State*, No. 04-11-00491-CR, 2012 WL 3025861, at *1 (Tex. App.—San Antonio July 25, 2012, pet. ref'd) (mem. op., not designated for publication).[2] "The rationale for the rule is that if there was no evidence to support conviction on a party theory, then the jury would not have relied on the party instruction and instead would have rationally convicted the defendant as the principal actor." *Id.*

Here, the evidence shows A.C. was the principal actor of the alleged delinquent conduct. As per the State's allegations, the principal actor was the person who kicked A.W. The evidence at trial shows A.C. was the one who kicked A.W. A.W. testified A.C. was the person who kicked him. The school administrator testified A.C. admitted he was present at the location where A.W. was lying on the ground. The video recording shows a child wearing a red shirt and red shoes run toward A.W. and also appears to show A.C. step off of A.W. The police officer testified A.C. was wearing a red shirt and red shoes, and the student who took the video recording testified A.C. was the one wearing a red shirt and red shoes in the video recording. Thus, the evidence shows A.C.

---

[2] *See Cathey v. State*, 992 S.W.2d 460, 466 (Tex. Crim. App. 1999); *Black v. State*, 723 S.W.2d 674, 675 & n.2 (Tex. Crim. App. 1986); *Vessels v. State*, No. 04-09-00828-CR, 2010 WL 5401450, at *2 (Tex. App.—San Antonio Dec. 22, 2010, pet. ref'd) (mem. op., not designated for publication).

was principal actor. And "[i]f, as appellant claims, guilt as a party would be an irrational finding under the evidence, then it is highly unlikely that a rational jury would base its verdict on a parties theory." *See Cathey*, 992 S.W.2d at 466.[3]

## CONCLUSION

We conclude that any error in submitting the law-of-the-parties instruction was harmless because the evidence supports A.C.'s adjudication as the principal actor of the alleged delinquent conduct. Accordingly, we affirm the trial court's order of adjudication.

Luz Elena D. Chapa, Justice

---

[3] We would reach this decision applying either the civil harm standard or the criminal "some harm" standard. *See In re M.P.*, 126 S.W.3d 228, 232 (Tex. App.—San Antonio 2003, no pet.).