SHEPHERD, Circuit Judge.
Following a jury trial, Appellant Thomas William Frederick was convicted of one count of aggravated sexual abuse of a minor, one count of sexual contact with a minor, and one count of tampering with a witness. The district court[1] sentenced Frederick to 145 months in prison. Frederick now appeals, challenging two separate rulings made at trial. We affirm.
I.
On March 9, 2010, an indictment was filed against Frederick, charging him with four separate counts: Count 1, aggravated sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D); Count 2, sexual contact with a minor, in violation of 18 U.S.C. §§ 1153, 2244(a)(3), and 2246(3); Count 3, attempted sexual abuse of a minor, in violation of 18 U.S.C. §§ 1153, 2243(a), and 2246(2)(A); and Count 4, tampering with a witness, in violation of 18 U.S.C. § 1512(b)(3).[2] The first three counts stemmed from allegations that Frederick had sexually abused W.F. and J.F., the adopted daughters of his biological sister Kathleen Frederick, at the family ranch on the Rosebud Sioux Indian Reservation. The last count was based on Frederick’s instruction to J.F. to lie to investigators about his conduct toward her. After a five day trial, the jury found Frederick guilty as to Counts 1, 2, and 4. On appeal, Frederick challenges two separate rulings made by the district court. We address each in turn.
A.
Frederick first argues that his rights under the Confrontation Clause of the Sixth Amendment were violated when he was prevented from (1) asking W.F. if she made a false accusation of sexual abuse against her bus driver and (2) ask *916 ing J.F. if she made a false accusation of sexual abuse against a school teacher. “We review evidentiary rulings regarding the scope of cross-examination for an abuse of discretion, except where the Sixth Amendment confrontation clause is implicated, and then our review is de novo.” United States v. Jewell, 614 F.3d 911, 920 (8th Cir.2010), cert. denied, — U.S. -, 131 S.Ct. 1677, 179 L.Ed.2d 621 (2011).
During his cross-examination of W.F., Frederick’s counsel[3] began to ask W.F. if she knew of a bus driver named Harry DuBray. The government objected immediately, and a side-bar followed. Defense counsel represented that in the past W.F. made a false accusation of sexual abuse against DuBray after DuBray disciplined her for getting angry and acting out on the bus. Defense counsel submitted that the intended line of questioning was probative because it would show that W.F. was “a girl that will make allegations against anybody that she doesn’t like.” The government countered that any previous allegations of abuse against DuBray were inadmissible under the rape shield, Federal Rule of Evidence 412.[4] The district court sustained the government’s objection and noted its reliance not only on Rule 412, but also on Rules 403 and 404. During recross-examination of W.F., defense counsel asked W.F. if she “ever lied about sexual abuse.” W.F. responded in the negative.
The court took up Frederick’s intended line of questioning outside the presence of the jury two more times before the conclusion of trial, allowing Frederick to make an offer of proof as to the alleged previous false reports. Defense counsel represented that W.F. had accused DuBray of “asking her to kiss him, having her sit on his lap, touching her improperly, and that this was an ongoing thing.” Defense counsel argued that, like her allegation against DuBray, W.F. only accused Frederick of sexual abuse after he punished her for stealing his granddaughter’s iPad. Counsel stated that an investigation had been initiated into the allegation against DuBray but that it was his understanding that a final report was still outstanding.
During the offer of proof, defense counsel also addressed an intended line of questioning as to J.F. Defense counsel represented that J.F. made a false allegation of sexual abuse against a teacher, Mr. Miles, allegedly accusing Miles of touching her buttocks, her breasts, and between her thighs. Counsel stated that the allegation against Miles was “fully investigated,” including reports to “mandatory reporters” and to J.F.’s therapist. Counsel then represented that J.F. “simply retracted the allegation ... as the investigation was winding up, and ... then the allegation went away.” Counsel stated that she would be able to call the principal of the school who received the report of abuse and oversaw the investigation as well as the student aide in the room who would be able to testify “that the actions just simply could not have happened.” Counsel did not represent that J.F.’s allegations against Frederick or her teacher resulted from any sort of disciplinary action. In *917 stead, at a sidebar during the cross-examination of J.F., defense counsel represented that part of J.F.’s motive was to “manipulate the system” and that J.F. made the allegations against Frederick based on her belief that doing so would allow her to move from the family ranch into town to be closer to her friends.
In response, the government maintained that the evidence relating to DuBray and Miles was inadmissible under Rule 412 and that Frederick could not show that any of the previous allegations were false. The Assistant United States Attorney also noted that he did not recall anything in the exhibits submitted by Frederick that debunked the investigation into the Miles allegation but noted his recollection that the allegation by J.F. against Miles was that Miles “was too close behind her.”
After allowing Frederick to make his offer of proof, the court upheld its original decision to disallow Frederick from asking W.F. and J.F. about other allegations of sexual abuse. The court noted Frederick’s arguments that the allegations were not within the ambit of Rule 412, but ultimately concluded that Eighth Circuit precedent held to the contrary. In excluding the evidence, the court noted its reliance not only on Rule 412, but also on Rule 403 and Rule 608(b). The court did not prevent defense counsel from asking W.F. about her specific motive for bringing a claim against Frederick, including whether she blamed Frederick for being sent to a home for troubled teens.
Frederick contends that the court’s reliance on Rule 412 was misplaced because “a lie about engaging in sexual abuse does not become an actual act of sexual abuse under Rule 412.” Frederick argues that his intended line of questioning would have demonstrated each girl’s retaliatory motive to make false claims of sexual abuse when she felt wronged by an authority figure.[5] Therefore his line of questioning was not aimed at showing that either girl engaged in other sexual behavior; instead, it would show that no sexual contact took place.
We have previously contemplated whether a false accusation of sexual abuse falls within the protective ambit of Rule 412, yet we have declined to make a determinative ruling on the issue. For example, in United States v. Bartlett, 856 F.2d 1071, 1088 (8th Cir.1988), we noted that “there is a question whether Rule 412 reaches the use of a prior false accusation of rape for impeachment purposes” and that it had been suggested by legal commentators that such evidence was “more properly analyzed under Rule 608(b).” We declined to address the issue, however, because “[u]nder either rule, the Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution to be confronted with the witnesses against him.” Id. (citation and internal marks omitted). Likewise, in United States v. Tail, 459 F.3d 854, 859-60 (8th Cir.2006), we affirmed a district court that refrained from ruling whether evidence of false allegations of sexual abuse was barred by Rule 412 and instead applied its analysis under the Confrontation Clause and Rule 403.
As in Bartlett and Tail, our analysis of whether Frederick’s constitutional rights were violated by the exclusion of the evidence is ultimately governed by the Confrontation Clause. As we explained in Tail:
*918 A primary interest secured by the Confrontation Clause is the right of cross-examination. The opportunity to expose “possible biases, prejudices, or ulterior motives” of a witness, as “they may relate directly to the issues or personalities in the case at hand,” is one important function of the right to confront witnesses. Thus, the Confrontation Clause may require the admission of certain evidence otherwise excluded by the rules of evidence, but it is clear that not all evidence that is “the least bit probative of credibility” must be admitted. As pertinent here, we have held that in a sexual abuse case, evidence alleging that the accuser made prior false accusations may be excluded if the evidence has minimal probative value. And the propriety of excluding such evidence is strengthened where the prior incident is unrelated to the charged conduct, and where the defendant intends to use the evidence as part of an attack on the “general credibility” of the witness.
Tail, 459 F.3d at 860 (internal citations omitted). In Tail, we affirmed a district court’s decision preventing the defendant from cross-examining his victims regarding alleged past false accusations of sexual abuse. We found no violation of the Confrontation Clause because the defendant failed to support his claim that the previous accusations of abuse were false and therefore the evidence “had only limited probative value.” Id. at 860-61.
The present case is distinguishable from Tail and BaHlett in that Frederick has linked W.F.’s accusations against Frederick and DuBray through his theory of a shared retaliatory motive. However, the district court did not err in limiting cross-examination because the evidence of prior false allegations by W.F. and J.F. was still too attenuated to provide more than minimal probative value. As in Tail, the proof offered by Frederick was inconclusive as to whether the previous allegations were false. During the offer of proof as to W.F., defense counsel noted that the bus incident investigation was ongoing, and he was unable to point to any evidence beyond his own conjecture to prove that W.F.’s claim against DuBray was untrue.[6] The offer of proof as to J.F. presented a closer call, as Frederick’s counsel pointed to an investigation and witnesses (including Miles) who would testify concerning J.F.’s claim of misconduct. Yet the offer of proof as to J.F. was also inconclusive— the trial court was still “left with bare allegations from both sides and no firm proof of the falsity of [J.F.’s] allegation.” Tail, 459 F.3d at 861. Furthermore, although defense counsel argued that the girls’ prior accusations were probative of a motive to lie, counsel failed to point to any common motivation between J.F.’s claims against her teacher and Frederick other than perhaps a generic desire to “manipulate the system.” Defense counsel also conceded that the bus driver, teacher, and Frederick had no connection other than that the girls had accused each of them of sexual abuse. Therefore, we find no violation under the Confrontation Clause because the excluded evidence had very little probative value. See Tail, 459 F.3d at 860; see also Cookson v. Schwartz, 556 F.3d *919 647, 653-54 (7th Cir.2009) (rejecting habeas petition of defendant who claimed he was denied his right to cross-examine victim about a previous allegation of sexual abuse to show motive because the previous allegation was not shown to be false).
Finding no constitutional violation, we turn our review to Frederick’s argument that the court erred in excluding the evidence under the Federal Rules of Evidence. In the instant case, the district court rested its decision to exclude evidence of the girls’ prior accusations not only on Rule 412, but also on Rules 403 and 608(b). “The district court under Rule 608(b) may determine if evidence is probative of truthfulness and under Rule 403 may exclude evidence, even though probative, if the probative value is outweighed by the prejudicial effect.” Crimm v. Mo. Pac. R.R. Co., 750 F.2d 703, 708 (8th Cir.1984). Therefore, if the trial court’s reliance on those rules was correct, we may affirm the district court’s ruling and decline to reach the propriety of its reliance on Rule 412. See United States v. Purkey, 428 F.3d 738, 752 (8th Cir.2005) (“We may affirm on any ground supported by the record.... ”).
After reviewing the offer of proof made by Frederick’s counsel at trial, we agree with the district court’s assessment under Rule 403 that the probative value of asking the girls about the prior accusations was substantially outweighed by the danger of “confusion of the issues” or “misleading the jury.” See Fed.R.Evid. 403; United States v. Alston, 626 F.3d 397, 404 (8th Cir.2010) (“ ‘The Rule 403 balancing of probative value versus prejudicial effect is an integral step toward a determination of admissibility under ... Rule 608(b).’ ” (citation omitted)), cert. denied, — U.S. -, 131 S.Ct. 1842, 179 L.Ed.2d 793 (2011). If it was uncontroverted that prior accusations made by the girls were false, then the probative value of the evidence to demonstrate the girls’ lack of truthfulness would increase, see Fed.R.Evid. 608(b), and the danger of jury confusion would decrease. See United States v. Bear Stops, 997 F.2d 451, 457 (8th Cir.1993) (noting that where evidence of prior sex abuse was uncontroverted, the potential for jury confusion was minimal). Yet the offer of proof was inconclusive; the parties continued to dispute the facts and truth behind each alleged claim. W.F. testified that she had not ever lied about sexual abuse. Therefore, any attempt by Frederick to prove up the falsity of the DuBray allegation “would have triggered [a] mini-trial[ ] concerning allegations unrelated to [Frederick’s] case, and thus increased the danger of jury confusion and speculation.” Tail, 459 F.3d at 861. Likewise, because the character and falsity of J.F.’s prior claim was also in dispute, the district court was within its discretion to disallow Frederick from eliciting testimony on the matter.[7] See United States v. White Horse, 316 F.3d 769, 776 (8th Cir.2003) (“[T]he trial court retains wide discretion to exclude evidence that would result in a ‘collateral mini-trial’ because both sides characterize the event at issue differently.”).
We find that Frederick’s rights under the Confrontation Clause were not violated by the district court’s decision to disallow him from asking the girls about prior in *920 stances of sexual abuse because the probative value of the evidence was minimal, in large part because Frederick’s offer of proof failed to demonstrate that the prior accusations were false. Likewise, we are unable to find any error in the district court’s conclusion that the probative value of allowing Frederick to cross-examine W.F. and J.F. on these matters was substantially outweighed by the danger of mini-trials and confusion of the jury. See Fed.R.Evid. 408.
B.
Frederick next claims that the district court erred in prohibiting him from presenting testimony of E.S. at trial. E.S. was designated as a Rule 418 witness by the government prior to trial based on her statement that she was forcibly raped by Frederick approximately 30 years earlier. The evening before trial, the government informed Frederick that E.S. had recanted at least part of her account. When the government informed the court that it would not be calling E.S. as a witness, Frederick’s counsel objected and argued that E.S. should not be released from the government subpoena. The trial court overruled the objection and allowed E.S. to leave.
Frederick argues that he should have been allowed to question E.S. to determine whether her allegations were in any way tainted by the FBI Agent who received statements from both E.S. and W.F. He points to United States v. Stewart, 445 F.2d 897 (8th Cir.1971), where we remanded a case for further disposition when a government informant recanted his corroborative testimony after trial and there was a suggestion of perjury. However, the present case is inapposite to Stewart because E.S. was never called to testify at trial and so there is no suggestion of perjury. Accordingly, Frederick has failed to show that the district court erred in releasing E.S. from the government subpoena.
C.
Both the government and Frederick have filed motions to supplement the record on appeal. “[GJenerally, an appellate court cannot consider evidence that was not contained in the record below.” Allen v. U.S. Air Force, 603 F.3d 423, 433-34 (8th Cir.) (citations omitted), cert. denied, — U.S. -, 131 S.Ct. 830, 178 L.Ed.2d 565 (2010). “A ‘narrow exception’ to this general rule exists if misrepresentations left the district court with an incomplete picture or the omission prevented the district court from fully and fairly considering the case, although the exception is ‘rarely exercised.’” Id. at 434 (citation omitted). We are unconvinced that the exception applies in the present case, as the evidence sought to be added only continues to demonstrate that the falsity of the girls’ previous accusations is in dispute. Therefore, we deny the parties’ motions to supplement the record.
II.
We affirm. The parties’ motions to supplement the record are denied.

. The Honorable Roberto A. Lange, United States District Court Judge for the District of South Dakota.

. Frederick acknowledged by stipulation his Indian status and that the locations of the offenses charged in the indictment were situated within “Indian country” as that term is defined by 18 U.S.C. § 1151.

. Frederick was represented at trial by two attorneys, Stanley E. Whiting and Mary Turgeon Wynne. Whiting cross-examined W.F., and Wynne cross-examined J.F. In line with this split in responsibility, Whiting and Wynne also separately handled the offers of proof as to the intended cross-examination of W.F. and J.F.

. "Rule 412 provides that, 'in any civil or criminal proceeding involving alleged sexual misconduct,’ evidence offered ‘to prove that any alleged victim engaged in other sexual behavior,’ or 'to prove any alleged victim’s sexual predisposition,’ is not admissible, unless certain enumerated exceptions apply.” United States v. Papakee, 573 F.3d 569, 572 (8th Cir.2009) (quoting Fed.R.Evid. 412).

. In his brief, Frederick focuses his argument on W.F. and seems to concede that "J.F. may not have had the same motivations that W.F. did to make a false report.” He does argue, however, that J.F.’s alleged false report against her teacher "shows that children who come from abusive homes and are placed elsewhere, are very prone to report false abuse.”

. We note this case is distinguishable from cases relied on by the dissent. For example, in Redmond v. Kingston, 240 F.3d 590 (7th Cir.2001), the defendant "offered more than thirty police reports of the investigation of [his accuser's] claim that she had been forcibly raped, convincingly demonstrating its falsity, and in addition the district attorney had instituted contempt charges against [the accuser].” Id. at 591. Moreover, the Supreme Court’s decision in Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), and its progeny "involve impeachment based upon credibility-impugning facts that were not in dispute.” Quinn v. Haynes, 234 F.3d 837, 846 (4th Cir.2000).

. As recounted above, the district court did not prevent, nor did the government object to, Frederick’s general question to W.F. whether W.F. had "ever lied about sexual abuse.” We agree that if that particular question was asked of J.F., it would not have been barred by Rule 412 or by the district court’s ruling specifically barring questions regarding the DuBray and Miles incidents. The district court never prevented Frederick's counsel from asking J.F. whether she had lied about sex abuse. Instead, Frederick’s counsel simply never asked the question.