752-15

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

CHARLES ANTHONY GREEN, PETITIONER

vs.

THE STATE OF TEXAS, APPELLEE

§
§
§
§
§
§
§
§ \
§

CASE No. PD-0752-15

RECEIVED IN
COURT OF CRIMINAL APPEALS

SEP 14 2015

Abel Acosta, Clerk

COURT OF APPEALS CAUSE No. 02-14-00426-CR

FROM THE 432nd DISTRICT COURT

OF TARRANT COUNTY, TEXAS

POST DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

SEP 17 2015

Abel Acosta, Clerk

PETITIONER

CHARLES ANTHONY GREEN
#1959504   WYNNE UNIT
810   FM 2821
HUNTSVILLE, TEXAS.
77349.

# TABLE OF CONTENTS

IDENTITY ......................................................... i

INDEX OF AUTHORITIES ............................................. iii

TABLE OF CONTENTS ................................................ ii

INDEX OF AUTHORITIES ............................................. iii

STATEMENT OF THE CASE ............................................ 1,

ISSUES PRESENTED ................................................. 2,

STATEMENT OF PROCEDURAL HISTORY .................................. 1,

ARGUMENTS ........................................................ 3,

PRAYER ........................................................... 10,

INMATES DECLARATION .............................................. 11,

CERTIFICATE OF SERVICE ........................................... 11,

# INDEX OF AUTHORITIES

CODE OF CRIM. PROC. 37.09       3,

CODE OF CRIM. PROC. 38.14       10,

PENAL CODE       1.07       3,10

PENAL CODE CODE       12.32       3,4

PENAL CODE       12.33       4,

PENAL CODE       43.01       3,

PENAL CODE       43.02       3,

PENAL CODE       22.011       3,

TEXAS RULES OF APP. PROC. 66.3(c)       3,

TEXAS RULES OF APP. PROC. 66.3(f)       3,

TEXAS RULES OF EVID. 803(2)       6,8,


APOLINAR v. STATE, 155 SW.3d 184 (Tex.Crim.App. 2005)       6,

BANKS v. REYNOLDS, 54 F.3d 1508 (10th.Cir. 1995)       4,

CLEWIS v. STATE, 922 SW.2d 126 (Tex.Crim.App. 1996)       8,

COLEMAN v. STATE, 145 SW.3d 649 (Tex.Crim.App. 2004)       8,

JACKSON v. VIRGINIA, 99 S.Ct. 2781, (1979)       6,7,11,

MALIK v. STATE, 953 SW.2d 234 (Tex.Crim.App. 1997)       7,

MATTIAS v. STATE, 731 SW.2d 936 (Tex.Crim.App. 1987)       3,

MIDENCE v. STATE, 108 SW.3d 564 (Tex.App. Houston [14th Dist] 2003)       7,

MILLER v. WAINWRIGHT, 798 F.2d wainwright, 798 F.2d 426 (11th.Cir. 1986)       9,

OLDEN v. KENTUCKY, 109 S.Ct. 420 (1988)       4,5,10,

ROBERTSON v. STATE, 163 SW.3d 730 (Tex.Crim.App. 2005)       10,

REDMOND v. KINGSTON, 240 F.3d 590 (7th.Cir. 2001)       8,

THOMPSON v. STATE, 9 SW.3d 808 (Tex.Crim.App. 1999)       4,

U.S. V. CRONIC, 104 S.Ct. 2039, (1984)       3,

U.S. V. OLANO, 507 U.S. 725, (1993)       4,10,

U.S. V. STOVER, 329 F.3d 859 (D.C.Cir. 2003)       4,

U.S. V. TUCKER, 345 F.3d 320 (5th.Cir. 2003)       4,

CASE No. PD-0752-15
COURT OF APPEALS No. 02-14-00426-CR
TRIAL COURT No. 1303703D

CHARLES ANTHONY GREEN, Petitioner     §     IN THE COURT OF

                        § 

v.                       §     CRIMINAL APPEALS

                        §

                        §

THE STATE OF TEXAS, Appellee     §     AUSTIN, TEXAS.

## PETITION FOR DISCRETIONARY REVIEW

TO: THE HONORABLE JUSTICES OF SAID COURT:

Comes Now, Charles Anthony Green, petitioner, pro-se, and files his petition for discretionary review. He shows the Court the following:

## STATEMENT OF THE CASE

Charles Anthony Green, petitioner, was indicted and convicted of aggravated sexual assault in Tarrant County, Texas on April 10, 2014, on a plea of not guilty. On October 3, 2014, the petitoner was sentenced to 50 years in the Texas Dept. of Criminal Justice, Appeal was taken, and is the subject of the present judicial action, Post Discretionary Review.

## STATEMENT OF PROCEDURAL HISTORY

The Court of Appeals handed down its opinion on June 4, 2015, to affirm the appellate Charles Anthony Green conviction.

No motion for rehearing was filed.

## IN HIS PETITION

In his petition for discretionary review, the petitioner Charles Anthony Green files four grounds for discretionary review into the Court of Criminal Appeals in his petition.

(1)

## GROUNDS FOR REVIEW
### ONE

The Court of Appeals committed a plain error in failure to observe the conflicting stories of fabricated, false allegations by the states witness, demonstrating the evidence that appellant used a firearm to commit sexual assault was legally insufficient evidence based on false testimony to support the finding that he used and exhibited a deadly weapon. (RR5:88-90).

### TWO

The Court of Appeals applied only a prejudice approach to the sufficiency of the evidence in adopting against the rules of evidence false hearsay sexual assault allegations when the testimony by the states witness Dawn Johnson clearly demonstrated contradicting erroneous false sexual assault allegations. (RR5:90-117).

### THREE

The Court of Appeals failed to observe the events alleged as sexual assault and her identification of the defendant Green was with the intent to deceive the Court that she did not know the defendant Green, when she knew the defendant Green personally from prior sexual agreement's in a consentual sex agreement between the two that turned a drug deal to go bad for payment, was a plain error, that was obvious. (RR5:92) (Compare: RR5:102).

### FOUR

The Court of Appeals erroered by failing to find the relevant fact's, the sexual incounter was consentual. The Court of Appeals failed to apply the law to the fact's the firearm allegations was insufficient to support a finding of use and exhibited.

"Deadly Weapon" means a firearm, or anything manifestly designed, made, or adopted for the purpose of inflicting death or causing serious bodily injury.

In this case, the states witness made no mention that she felt her life was ever put in danger of serious body injury, or death. (RR5:88-104).

(2)

ARGUMENT

In this case of Charles Anthony Green, petitioner the Court of Criminal Appeals should grant review; because the Court of Appeals has decided an important question of State and Federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals, and The Supreme Court of the United States. Tex.R App. Proc. 66.3(c). That requires for the Court of Criminal Appeals to exercise its judicial power, review the record ""on it's own motion", and exercise the Court of Criminal Appeals power of supervision 66.3(f).

LESSOR INCLUDED OFFENSE
CODE OF CRIM. PROC. §37.09

At best, the petitioner Charles A. Green should have only been charged with the offense of prostitution: PENAL CODE §43.01 43.02(a)(2)(b).

(a) A person commits an offense if he knowingly:

(1) offers to engage, agrees to engage, or engages in sexual conduct for a fee; or

(2) solicits another in a public place to engage with him in sexual conduct for hire.

(b) An offense is established under Subsection (a)(1) whether the actor is to receive or pay a fee.
    An offense is established under Subsection (a)(2) whether the actor solicits a person to hire him or offers to hire the person solicited.

The Court of Criminal Appeals held in: MATTIAS v. STATE, 731 SW.2d 936, 937 (Tex.Crim.App. 1987), "A person may knowingly offer to engage in or agree to engage in sexual conduct for a fee and commit an offense under §43.02(a)(1)..... without have intent to actually consummate the sexual conduct. [I]ntent to consummate an offer or agreement to engage in sexual conduct is not an element of the offense of prosecution under §43.02(a)(1).

In addition, the petitioner Green further argues that his counsel on direct appeal was ineffective "Constructively" denying him counsel on direct appeal. U.S. v. CRONIC, 104 S.Ct. 2039, (1984) in addressing the Court of Appeals with a issue of guilt; citing PENAL CODE §22.011(f); alleging a sexual assault as a second degree felony under PENAL CODE §12.32.

(3)

Citing PENAL CODE §12.32 FIRST DEGREE FELONY PUNISHMENT was out of place, an prejudicial to encourage the Court of Appeals to affirm his conviction informing the Court of Appeals of a "matter of defense", and §12.33. BANKS v. REYNOLDS, 54 F.3d 1508, 1515-16 (10th.Cir. 1995). However, the petitioner Green can not raise his ineffective assistance of counsel claims on direct appeal because the record is not developed to raise ineffective assistance claims. THOMPSON v. STATE, 9 SW.3d 808, 813-15 (Tex.Crim.App. 1999).

ISSUE ONE
PLAIN ERROR

The Court of Appeals failed to observe the conflicting "fabricated false" stories by the states witness Dawn Johnson throughout her testimony at trial, was a obvious plain error on record. U.S. v. OLANO, 507 U.S. 725, 733-34 (1993).

A Court of Appeals can correct an error not raised at trial only if there is a plain error that effects substantial rights. U.S. v. OLANO, 507 U.S. 725, 732 (1993); U.S. v. TUCKER, 345 F.3d 320, 334 (5th. Cir. 2003). The contemporaneous rule applies to claims of improper admission or exclusion of evidence. U.S. v. STOVER, 329 F.3d 859, 868 (D.C. Cir. 2003).

A simuliar case occurred in: OLDEN v. KENTUCKY, 109 S.Ct. 480, (1988). In the case of Olden, the petitioner was convicted of sodomy, (sexual assault), the States witness Starla Matthews made a false complaint of sexual assault to protect her dignity, from other's finding out that she had consentual sex with a black man, where as here petitioner Charles Anthony Green in this case is a "black male", and Dawn Johnson is a white female, in Green's argument a prostitute with a drug addiction. In Olden, Matthews and Bill Russell were both married to and living with other people at the time of the incident, they were apparently involved in an extramarital relationship. By the time of trial the two were living together, having separated from thier respective spouses.

The petitioner's theory of the case was that matthews concocted the rape story to protect her relationship with Russell, who would have grown suspicious upon

(4)

seeing her disembark from Harris car. In order to demonstrate Matthews motive to lie, it was crucial, petitioner contended, that he be allowed to introduce evidence of Matthews and Russel's current cohabitation. Over petitioner's vehement objections, the trial court nonetheless granted the prosecutor's motion in limine to keep all evidence of Matthew's and Russell's living arrangement from the jury.

Moreover, when the defense attempted to cross-examine Matthews about her living arrangements, after she had claimed during direct examination that she was living with her mother, the trial court sustained the prosecutor's objection.

Court

The reversed Oldens conviction based on the fact's that he was denied his right to cross-examine the witness Matthews about her relationship with Harris , and more, that gave her reason to fabricate, and lie to make a false claim of sexual assault.  OLDEN v. KENTUCKY, 109 S.Ct. 480, 484-86, (1986).

Here, in the case of Green, Johnson's testimony was central, crucial to the prosecutor's case. Her story directly contradicted by that of the petioner Green.

Obvious on record, the states witness Dawn Johnson alledged that she was at O'Reilly's Auto Parts store to pick up oil and related supplies so her father could change the oil in her car. (RR5:82-83), located in Tarrant County. (RR5:84).

In this case of Green, the O'Reilly's Auto Parts store is in a location large shopping area with large crowds of customer's daily at the busy part of the day 3:00pm., ["obvious in plain view"] to all part[s] of the area in sight of public view.  O'Reilly's Auto Parts store is very large with a constant busy revolving door store consistent and constantly with customer's in, and out of the store in public view, and the surrounding store[s] customer's in the busy parking lot under the hood's of their automobiles, or inspecting a needed part to put on their automobile with employees assistance in and outside the O'Reilly's with the part's they may need. most obvious is the store itself with large "showroom" window's 6-to-8 feet height, and wide, with employee's assisting the customer's in and outside both with clear and obvious "public view" of the parking lot in plain and obvious view, where Johnson alledged the offense had to

(5)

begin to occur, and the fact's in front of a large crowd of people of every body in the store, and out of the store in the large shopping, and parking lot area, (RR5:84-88). It would be very difficult for a man in a mask, (stocking mask) to not "obviously" be seen, and during by the customer's at the busiest time of the day 3:00pm by the customers in and around the store, and the employeee's. (RR5:90-94). Yet alone, had Johnson felt that her alledged attacker would have attacked her, "Johnson's Scream" would have drawn attention. (RR5:88.96).

A masked man walking in a public view with customer's all around is impossible without being noticed, and to alert the police. (RR5:88-90).. Then there after driving in public with a mask on his face in "plain view" around 3:00pm. (RR5:92).

What should be the most "alarming" to the Court of Appeals, is that the states witness Johnson alledged that her assailant had on a see through mask (stocking cap) mesh, pulled it off of him, and put it on her, Johnson. (RR5:92-93).

Therefore, providing a window of opportunity for identification. (Id.RR5:92.102).

Had that the Court of Appeals observed the states witness demeanor on paper in the record of her testimony, and all of the states witness contradicting events, and false occurrances, the Court of Appeals would have found the alleg-@tion's by the states witness Dawn Johnson was far from the truth, and reversed the appellant Charles Green conviction with the instructions of acquittal, DEMONSTRATING THE STATES WITNESS Johnson's allegation's were fabricated hearsay.

That did not meet the Excited Uttterance. Hearsay Exception. Texas and Federal Rules of Evidence 803(2). APOLINAR v. STATE, 155 SW.3d 184, 186-87 (Tex.Crim.App. 2005).

Therefore, the Court of Appeals could not have found the relevant fact's raised in the appeal that the appellant Green used or exhibited a gun in the single ground by appellate counsel on direct appeal. The Court of Criminal Appeals should reverse and remand back to the court of Appeals for a proper sufficiency of the evidence review. JACKSON v. VIRGINIA, 99 S.Ct. 2781, (1979).

(6)

The Court of Appeals applied only a prejudice approach to the sufficiency of the evidence in adopting against the rules of evidence false hearsay sexual assault allegations when the testimony by the states witness Dawn Johnson clearly demonstrates contradicting erroneous false sexual assault allegations. (RR5:90-117).

In MALIK v. STATE, 953 SW.2d 234, 239-40 (Tex.Crim.App. 1997), the court held:

> "No longer shall sufficiency of the evidence be measured by the jury charge actually given. [M]easuring by the indictment is an inadequate substitute because some important issues relating to sufficiency--e.g. (in this case of Green sexual assault) the law of transferred intent--are not contained in the indictment. [S]ufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not necessarily increase the States burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendent was tried. [T]he standard we formulate today ensures that a judgment of acquittall is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted. see also MIDENCE v. STATE, 108 SW.3d 564, 565 (Tex. App. Houston [14th Dist] 2003).

The standard for reviewing sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. JACKSON v. VIRGINIA, 99 S.Ct. 2781, (1979). When performing an evidentiary sufficiency review, the appellate court may not re-evaluate the weight and credibility of the vidence and substitute its judgment for that of the jury.

The petitioner Green consistently has argued he is innocent, the sexual assault incounter between Green and Dawn johnson was [consentual], Johnson payment for sexual intercoarse was to be paid in with "drug's, a controlled substance".

When disagreement came between petitioner Green, and Green decided not to pay Johnson because of her (Johnson) intent to deceive Green for more drug's then bargained for for sex, the states witness Dawn Johnson then became upset, and disapointed, turned to wrongful deceptive act's to commit perjury, harm Green by fabricating a false erroneous sexual assault offense against the defendant Green he did not commit, with the end result's to cause a wrongful conviction against the petitioner Green, when the sexual encounter was consentual. REDMOND v. KINGSTON, 240 F.3d 590 (7th.Cir. 2001). On review, the court of Criminal Appeals will observe conflicting stories by the states witness Dawn Johnson. (RR5:88-95)., and also observe the inconsistences in the testimony of the states witness Johnson in her allegation's of a gun, and of identification of petitioner Green. The Court of Criminal Appeals will also review on record the testimony of the states witness Johnson, (on record) did not testify that her life was ever put in danger, or risk of serious bodily injury or death. COLEMAN v. STATE, 145 SW.3d 649, 652 (Tex.Crim.App. 2004), to support a deadly weapon finding of use and exhibited. (RR5:88-123). This should have been observed that the testimony of Dawn Johnson falls into the hearsay catagory of: Texas and Federal Rules of Evidence 803(2), Utterance exceptional rule to hearsay.

At no time did Johnson express pain, or in a state of shock from emotional stress, yes there were sex, at trial Johnson testified comfortable, relaxed with only a thought to lie and fabricate her erroneous sexual assault complaint.

The court of Criminal appeals must apply the hearsay exception, the court of Criminal Appeals when then find that the Court of Appeals erred, on the sufficiency of review. CLEWIS v. STATE, 922 SW.2d 126 (Tex.Crim.App. 1996), and reverse his conviction.

The Court of Appeals failed to observe the events alleged as sexual assault and her identification of the defendant Green was with the intent to deceive the Court that she did not know the defendant Green, when she knew the defendant Green personally from prior sexual agreement's in a consentual sex agreement between the two that turned a drug deal to go bad for payment, was a plain error, that was obvious. (RR5:92). (Compare: RR5:102).

The petitioner Charles A. Green does not argue the issue of having sex with with the states witness Dawn Johnson because he did, but the sexual encounter was consentual, and the sexual allegations were fabricated, erroneous and false WITH THE INTENT TO CAUSE HARM TO Green. Before having consentual sex with the states witness Dawn Johnson, a agreement was made between the two for Johnson to receive drugs, a controlled substance in return for her payment for sex.

The petitioner Green informs the Court this was not the first consentual sexual encounter with the states witness Dawn Johnson for the payment to be in drug's. The petitioner Green and Johnson have had consentual sex on other occasions for the same paayment of drugs, a controlled substance, in return with Dawn Johnson. Prior to having sex, and the sexual assault allegation's, Johnson and Green were friend's calling and dating each other. This would have been discovered had that this been addressed on cross-examination. Although addressed in issue two, when Johnson reneged on the initial agreement of the sexual act, the petitioner Green refused to pay Johnson on her demand of drugs.

Johnson knew the petitioner Green personally, and was aware that as in the previous sexual encounters with Green they never used condums, therefore, DNA evidence would be present, freely before their disagreement. Johnson used the evidence of DNA to harm Green. In a new trial, the defendant Green can request for an expert on drugs, an error prior trial counsel had failed to investigate and do. MILLER v. WAINWRIGHT, 798 F.2d 426 (11th.Cir. 1986). The Court of Criminal Appeals must observe the demeanor of false intent in the testimony of the states witness Dawn Johnson for clear error, deception at trial, to mislead the court and jury as if she was a victim, but instead a participant accomplish

witness as a matter of law. Code of Crim. Proc. 38.14. see (RR5:88-123).

The court of Criminal Appeals must review the record on its own motion, the Court of Criminal Appeals will find the truth that Dawn Johnson lied and fabricated a erroneous sexual assault against the petitioner Green.

For all practical purposes, the petitioner Green request that this court conduct a evidentiary hearing on its own motion, as well as review the records on its own motion the Court of Criminal Appeals will find true, a sexual intercourse occurred, but the sexual intercourse was consentual. OLDEN v. KENTUCKY, 109 S.Ct. 480 (1988).

ISSUE FOUR

The Court of Appeals errored by failing to find the relevant facts, the sexual incounter was consentual. The Court of Appeals failed to apply the law to the fact's the firearm allegations was insufficient to support a finding of use and exhibited. "Deadly Weapon" means a firearm, or anything manifestly designed, made or adopted for the purpose of inflicting death or causing serious bodily injury. In this case, the states witness made no mention that she felt her life was ever put in danger of serious body injury, or death. (RR5:88-104).

Penal Code §1.07(a)(17)(A). In ROBERTSON v. STATE, 163 SW.3d 730, 732 (Tex.Crim. App. 2005). Under the definition in §1.07(a)(17)(A) "an object's physical characteristics determine whether a weapon is deadly by design. Moreover, an object can be a deadly weapon by 'design' only if it has no obvious purpose apart from causing death or serious bodily injury.

At trial, the states witness testified that that her assailant put a mask over her eyes. (RR5:9596) She prior testified that her assailant never said he had a gun. (RR5:91) The Court of Appeals errored.

ON RECORD IN THE COURT OF APPEALS OPINION, THE COURT SAID THAT JOHNSON TOLD THE POLICE THAT THE APPELLANT HAD A .357. This is own [Page 2 of the court of Appeals opinion].

This is a error, a plain and obvious error on the record that Green has effected the substanial rights of the defendant Charles A. Geen. U.S. v. OLANO, 507 U.S. 725, 733-34 (1993).

(10)

The court of Criminal Appeals should exercise its power when this plain and obvious error has effected the petioner Green, that has denied him his right to receive a fair trial. The matter of a gun, a deadly weapon is , and was a very important matter in this case of Charles A. Geen.

At no time during trial, the witness Dawn johnson, never testified that her life was in danger. And never testified to any supporting fact's to sustain a sexual assault offense.

The evidence is insufficient to have found him guilty of sexual assault, just as much, the evidence is insufficient to have found him guilty of using and exhibiting a deadly weapon. JACKSON v. VIRGINIA, 99 S.Ct. 2781, (1979).

## PRAYER

The petitioner Charles A. Green prays that the Honorable Court of Criminal Appeals will reverse his conviction, and order him a new trial.

September 2, 2015.

RESPECTFULLY SUBMITTED

CHARLES ANTHONY GREEN
#1959504  WYNNE UNIT
810  FM 2821
HUNTSVILLE, TEXAS.
77349.

## INMATES DECLARATION

I, Charles A. Green, Id.#1959504, hereby swear under the penalty of perjury that the forgoing information is true, and correct.

Charles Anthony Green

## CERTIFICATE OF SERVICE

I, Charles A. Green, hereby certify, that a true and correct copy of the forgoing information has been forwarded to the Tarrant County District Attorneys Office in Tarrant County by U.S. Mail.

CHARLES ANTHONY GREEN

(11)



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-14-00426-CR

CHARLES ANTHONY GREEN                                    APPELLANT

V.

THE STATE OF TEXAS                                            STATE

----------

## FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 1303703D

----------

## OPINION

----------

A jury convicted Appellant Charles Anthony Green of aggravated sexual assault with a deadly weapon. The trial court sentenced him to fifty years' confinement. In his sole point, Appellant challenges the sufficiency of the evidence of the use or exhibition of a deadly weapon. Because the evidence is sufficient to allow a jury to conclude beyond a reasonable doubt that Appellant

did use and exhibit a deadly weapon, specifically a firearm, in the commission of the offense, we affirm the trial court's judgment.

**Brief Facts**

On February 12, 2004, at approximately 3:00 p.m., Dawn Johnson (a pseudonym) went to an O'Reilly's Auto Parts store to buy car supplies in Pantego, Texas. When she left the store, Johnson noticed Appellant sitting at the edge of the building near her vehicle. His presence made her nervous, so she put down her bags to get her keys out of her purse. As she found her keys, Appellant came up behind her and stated that he needed a ride. Johnson felt a metal object against her mid-back; she believed that the object was a gun. Johnson told Appellant that he could take her car, but he did not let her go. Instead, Appellant shoved her through the driver's seat into the passenger seat of her car. Appellant got into the driver's seat and drove off. As Appellant was driving, Johnson considered jumping out of the car but decided not to for fear of being shot.

While he was driving, Appellant put his ski cap on Johnson, covering her eyes. He eventually pulled the car over into an alley. He came over to the passenger side of the car, and Johnson began screaming. Appellant told Johnson that he would not hurt her. But when she continued screaming, he placed what felt like the barrel of a gun to her head. Johnson told the police that Appellant had told her that the object was a ".357." Appellant raped Johnson and then let her leave.

2

**Sufficiency of the Evidence**

Appellant argues that because Johnson saw no firearm and the police found no firearm, the evidence is insufficient to support the jury's deadly weapon finding. The standard for reviewing sufficiency of the evidence is whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.[1] The evidence is examined in the light most favorable to the jury's verdict.[2] This "familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[3] When performing an evidentiary sufficiency review, the appellate court may not re-evaluate the weight and credibility of the evidence and substitute its judgment for that of the jury.[4] The jury determines facts proven and the weight and credibility to be given to testimony, and it exclusively possesses the authority to reconcile conflicts.[5] The jury may believe all, part, or none of a

---

[1]*Jackson v. Virginia*, 443 U.S. 307, 320, 99 S. Ct. 2781, 2788–89 (1979); *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993), *cert. denied*, 511 U.S. 1046 (1994).

[2]*Jackson*, 443 U.S. at 320, 99 S. Ct. at 2789; *Johnson*, 871 S.W.2d at 186.

[3]*Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789.

[4]*Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

[5]Tex. Code Crim. Proc. Ann. art. 38.04 (West 1979); *Wesbrook v. State*, 29 S.W.3d 103, 111 (Tex. Crim. App. 2000), *cert. denied*, 532 U.S. 944 (2001).

3

witness's testimony.[6] The appellate court must presume that the jury resolved any conflicting inferences in favor of the verdict and defer to that resolution.[7]

In a sufficiency review, "[c]ircumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt."[8]

To sustain a deadly weapon finding, the evidence must show that the object satisfies the definition of the term "deadly weapon," that the deadly weapon was used during the offense, and that someone other than the defendant was thereby placed in danger.[9] Appellant argues that the evidence is insufficient to prove that he "used" a deadly weapon because Johnson never saw his gun and that therefore the evidence sufficed to prove only sexual assault rather than aggravated sexual assault. The State argues that the evidence is sufficient to support the deadly weapon finding and therefore the aggravated sexual assault conviction because of the following:

- Johnson unequivocally testified that her encounter with Appellant began when she felt Appellant stick a gun in her back.

---

[6]*Chambers v. State*, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).

[7]*Jackson*, 443 U.S. at 326, 99 S. Ct. at 2793; *Wise v. State*, 364 S.W.3d 900, 903 (Tex. Crim. App. 2012).

[8]*Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

[9]*Brister v. State*, 449 S.W.3d 490, 494 (Tex. Crim. App. 2014).

4

- Johnson was "100% sure" she felt Appellant put the barrel of a gun against her head.

- Johnson submitted to Appellant because she believed he would shoot her if she resisted.

- As Appellant prepared to rape Johnson, he asked if she knew what kind of gun he was holding against her head and then told her it was a .357. [Citations omitted.]

The State is correct. Johnson's testimony that she felt a gun barrel pressed against her and that Appellant told her that it was a .357 is sufficient to support the jury's deadly weapon finding.[10]

## Conclusion

We therefore overrule Appellant's sole point on appeal and affirm the trial court's judgment.

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL: DAUPHINOT, WALKER, and MEIER, JJ.

PUBLISH

DELIVERED: June 4, 2015

---

[10]See *Woods v. State*, 653 S.W.2d 1, 4 (Tex. Crim. App. 1982).

CHARLES A. GREEN
#1950504 WYNNE Unit
810 FM 2821
HUNTSVILLE, TEXAS.
77349.

LEGAL MAIL

COURT OF CRIMINAL APPEALS
SUPREME COURT BUILDING
201 W. 14TH ST.
P.O. Box 12308, CAPITOL STATION
AUSTIN, TEXAS.
78711-2308.

FOREVER USA
FOREVER
FOREVER