**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 28, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MIKEL LEVI TUCSON,

      Defendant-Appellant.

No. 07-1059
(D.C. No. 06-cr-00148-REB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **LUCERO, HARTZ**, and **GORSUCH**, Circuit Judges.

Mikel Levi Tucson was convicted by a jury of three counts of possessing cocaine with the intent to distribute it and one count of possessing methamphetamine with the intent to distribute it, all in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). The district court sentenced him to concurrent 27 month terms of imprisonment on each of the four counts. On appeal, Mr. Tucson's counsel filed an *Anders* brief and moved to withdraw as counsel. *See*

---

[*] After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

*Anders v. California*, 386 U.S. 738 (1967). Neither Mr. Tucson nor the government filed a response. For the reasons set forth below, we discern no meritorious issues for appeal, and we therefore grant the motion to withdraw and dismiss the appeal.

\* \* \*

In April 2006, a federal grand jury indicted Mr. Tucson on four counts of possession of a controlled substance with intent to distribute in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Three of the counts involved cocaine, while the fourth involved methamphetamine. In November 2006, at the conclusion of a four day trial, a jury convicted Mr. Tucson on all four counts. At trial, two Southern Ute Tribal Police officers and a federal Bureau of Indian Affairs agent testified that on four separate occasions a confidential informant named Salvador Lucero purchased drugs from Mr. Tucson. The officers monitored these transactions with visual and audio surveillance, but did not actually see the drugs change hands. The officers further testified that they searched Mr. Lucero both before and after the transactions with Mr. Tucson. Mr. Lucero went into the meetings with money and returned with drugs on each of the four occasions. Mr. Lucero did not testify, and the defense did not call any witnesses.

During closing arguments, defense counsel emphasized that Mr. Lucero was the only eyewitness, and that the prosecution had not called him as a witness. In response, the prosecutor pointed out to the jury that defense counsel had

extensively cross-examined the police officers about Mr. Lucero's personal life and criminal record. The prosecutor further told the jury that the defense could have called Mr. Lucero as a witness if it had wished. Defense counsel objected to this statement and moved for a mistrial. The district court sustained the objection, issued a curative instruction reminding the jury that the government had the burden of proof, but denied the motion for a mistrial. The jury subsequently returned guilty verdicts on all four counts. The district court sentenced Mr. Tucson to four concurrent 27 month terms of imprisonment. This sentence was at the bottom of the applicable range of the United States Sentencing Guidelines.

\* \* \*

Pursuant to the Supreme Court's decision in *Anders v. California*, a court-appointed defense counsel may "request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." *United States v. Calderon*, 428 F.3d 928, 930 (10th Cir. 2005) (citing *Anders*, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss the appeal.

*Id.* (citing *Anders*, 386 U.S. at 744).

- 3 -

In her *Anders* brief, counsel noted two possible issues for appeal: 1) the alleged prosecutorial misconduct during closing arguments, and 2) a challenge to the sufficiency of the evidence. Counsel concluded that neither issue was meritorious, and Mr. Tucson did not exercise his right to file a response. After conducting a full examination of the record, we agree with counsel's conclusion that no basis in law or fact exists for either of these arguments.

"Although a prosecutor may not comment on a defendant's decision to refrain from testifying, he is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony." *Trice v. Ward*, 196 F.3d 1151, 1167 (10th Cir. 1999) (citation omitted); *see also Battenfield v. Gibson*, 236 F.3d 1215, 1225 (10th Cir. 2001); *United States v. McIntyre*, 997 F.2d 687, 707 (10th Cir. 1993). The record is clear that in this case the prosecutor was commenting on the defense's decision not to call Mr. Lucero as a witness. In rebutting defense counsel's "missing witness" argument, the prosecutor stated:

> [Defense counsel] has no burden at all in a criminal case. The government has the burden of proof. He can just sit there . . . and not call a single witness, and that's fine. And we embrace that as one of the constitutional guarantees of our country.
>     But he didn't tell you that he has the same subpoena power the government has. That if you wanted to find Mr. Lucero and bring him in, he could have.

Trial Tr., Nov. 8, 2006, at 189-90.

The prosecutor clearly indicated that the government bore the burden of proof. His comments were limited to pointing out to the jury that the defense had

the ability to call Mr. Lucero as a witness if it had wished to do so.  Under our case law, such comments are not improper.  We are thus constrained to agree with counsel that an appeal on the basis of prosecutorial misconduct would be frivolous.

We also agree with counsel that any appeal based on the sufficiency of the evidence would be frivolous.  The jury heard testimony that on four separate occasions Mr. Tucson met with Mr. Lucero; that prior to the meetings Mr. Lucero was searched to be certain he did not have drugs on him; that Mr. Lucero was given money to buy drugs; and that Mr. Lucero returned from all four encounters without the money and with substances that contained a detectable amount of either cocaine or methamphetamine.  This evidence, when viewed in the light most favorable to the government, was sufficient for a rational jury to find Mr. Tucson guilty.  *See United States v. Torres-Laranega*, 476 F.3d 1148, 1157 (10th Cir. 2007).

\* \* \*

For the foregoing reasons, we grant counsel's motion to withdraw and dismiss the appeal.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge