**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 29, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

TYRONE CORIZ,

    Defendant - Appellant.

No. 20-2019
(D.C. No. 1:17-CR-01105-JCH-1)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **EBEL**, and **EID**, Circuit Judges.
_____

A jury convicted Defendant-Appellant Tyrone Coriz of sexually assaulting his fifteen-year-old niece, C.T.[1]  Coriz raises three issues on appeal, alleging prosecutorial misconduct and various erroneous evidentiary rulings by the district court before and during trial.  We hold that the district court did not err on any of these issues.  Exercising jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a), we affirm each challenged district court ruling.

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We use the victim's initials rather than name to protect her identity.  We do the same for other children referenced in this order and judgment.

# I.     Background

Coriz lived with his girlfriend and more than a dozen family members, including his fifteen-year-old niece, C.T.  One night, while C.T. was sleeping on the living room couch, Coriz sexually assaulted her by twice digitally penetrating her vagina.  C.T. did not immediately report the assault because she was scared of Coriz, as she had previously seen Coriz choke her sister, M.T.  Several weeks after the sexual assault, C.T. decided to leave home and went to stay with her boyfriend.

Eventually, C.T. reported the sexual assault to the police.  Following an investigation, a grand jury indicted Coriz on two counts of sexually abusing a child over age 12 and under age 16 in Indian country, in violation of 18 U.S.C. §§ 1153, 2241(c), 2246(2)(C), and 3559(e).

At trial, C.T. testified that Coriz had sexually abused her.  C.T.'s sisters S.S. and M.T., and another of Coriz's nieces, A.T., additionally testified about Coriz's prior acts of sexual abuse.  The government also offered evidence of Coriz's prior conviction for sexually abusing S.S.  Coriz rested without presenting a defense, and the jury found Coriz guilty of both counts.  After trial, Coriz moved for a new trial based on alleged prosecutorial misconduct.  The district court denied that motion.  Because Coriz had previously been convicted of sexual abuse of a minor, the district court imposed a life sentence pursuant to 18 U.S.C. § 3559(e).  This appeal followed.

# II.     Discussion

Coriz raises three issues on appeal, arguing that the district court: (1) erred in denying Coriz's motion for a new trial based on alleged prosecutorial misconduct,

(2) abused its discretion in admitting evidence that Coriz had committed prior sexual assaults, and (3) erred in excluding evidence that C.T. had also accused someone else of separate sexual abuse. We reject each argument and affirm the district court's rulings.

## A.    The district court did not err in denying Coriz's motion for a new trial.

Coriz first challenges the district court's denial of his motion for a new trial based on alleged prosecutorial misconduct. We conclude that most of the allegations of misconduct miss the mark, and that even where Coriz does identify improper prosecutorial conduct, he fails to establish that the district court erred in how it addressed that conduct or that any misconduct resulted in an unfair trial. Accordingly, we hold that the district court did not err in denying Coriz's motion.

A new trial is warranted where prosecutorial misconduct deprived the defendant of a fair trial, thus violating his due process rights. United States v. Gabaldon, 91 F.3d 91, 93 (10th Cir. 1996). This requires a two-step inquiry: "(1) the court first decides whether the prosecutor's comments were improper, and (2) if so, it examines their likely effect on the jury's verdict." United States v. Christy, 916 F.3d 814, 824 (10th Cir. 2019). This Court has warned that a "motion for a new trial is not regarded with favor and should only be granted with great caution." United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997).

Generally, this Court reviews a district court's denial of a motion for a new trial for an abuse of discretion. Gabaldon, 91 F.3d at 94. But "where the defendant 'failed to contemporaneously object regarding the reasons he asserts as justification

3

for a new trial,'" this Court reviews only for plain error. United States v. Durham, 902 F.3d 1180, 1226, 1228 & n.33 (10th Cir. 2018) (quoting United States v. Toro-Pelaez, 107 F.3d 819, 828 (10th Cir. 1997)).

Here, for all but one alleged instance of prosecutorial misconduct, Coriz either failed to object below or objected solely on evidentiary grounds, without raising the issue of prosecutorial misconduct. Outside of that one instance, Coriz first claimed prosecutorial misconduct in his motion for a new trial, after the verdict was issued. Accordingly, we review all but the one instance for plain error. See United States v. Orr, 692 F.3d 1079, 1095 (10th Cir. 2012).

The bulk of Coriz's prosecutorial-misconduct claims are based on the prosecution's examination of witnesses regarding excluded or reserved evidence. Although we agree that the government engaged in some questionable practices that risked prejudice to Coriz by the improper disclosure of inadmissible evidence to the jury, we find no error, let alone plain error, in the district court's handling of these issues. We reject Coriz's arguments to the contrary for a variety of reasons.

To start, Coriz waited until his reply brief to argue that he survives plain-error review, and this alone is sufficient to doom his claim. But even notwithstanding that failure, we reject Coriz's claims because the district court did not err in its handling of Coriz's trial. In each instance of alleged misconduct relating to witness examination, the district court sustained Coriz's evidentiary objection. Coriz now complains that the court did not issue curative instructions, but he never requested such action below. The court also later instructed the jury not to speculate about

4

witness answers where the court sustained objections. We presume the jury follows such instructions. United States v. Currie, 911 F.3d 1047, 1061 (10th Cir. 2018). Finally, and perhaps most importantly, in each instance, the jury either never heard the objectionable evidence or the evidence came in through another witness without objection. Accordingly, regardless of whether the prosecution engaged in improper conduct in its examination of witnesses, no prejudice resulted to Coriz.

Coriz next asserts prosecutorial misconduct based on a prosecutor's closing-argument comment that defense counsel responded to a witness "rudely." (Aplt. Br. 15 (quoting R., vol. V, at 548).) We agree with the district court that this comment was "unnecessary and arguably inappropriate," but that "it was a fleeting comment that does not amount to an inflammatory attack rising to the level of prosecutorial misconduct [because it] was not significant enough or egregious enough to affect the jury's verdict or deprive Defendant of a fair trial." (R., vol. I, at 181.) See United States v. May, 52 F.3d 885, 889 (10th Cir. 1995) ("Viewed in context, the prosecutor's comments, although arguably inappropriate, were not such as to result in a miscarriage of justice or prejudicial error.").

Coriz's final alleged instance of prosecutorial misconduct is based on the prosecution's rebuttal argument addressing Coriz's closing argument about the prosecution's failure to call C.T.'s mother to testify. Coriz contemporaneously objected on grounds of prosecutorial misconduct, complaining that the prosecution improperly shifted the burden of proof to him by telling the jury that Coriz could

5

have subpoenaed C.T.'s mother to testify if he thought she could help his case.  We hold that the prosecution's conduct was not improper.

This Court has previously drawn a clear line between prosecution comments suggesting that a defendant has a <u>burden or obligation</u> to testify or call witnesses, and comments referring to a defendant's <u>ability</u> to subpoena witnesses.  "Although a prosecutor may not comment on a defendant's decision to refrain from testifying, he is otherwise free to comment on a defendant's failure to call certain witnesses or present certain testimony."  <u>Trice v. Ward</u>, 196 F.3d 1151, 1167 (10th Cir. 1999) (citation omitted).

In addition, this Court has allowed prosecutors to respond to a defendant's suggestion that the government has failed to call a particular witness by pointing out that the defense has the power to subpoena witnesses whose testimony may be favorable.  <u>See</u> <u>United States v. Tucson</u>, 248 F. App'x 959, 962 (10th Cir. 2007) (unpublished); <u>United States v. Trabanino</u>, 41 F. App'x 302, 305–06 (10th Cir. 2002) (unpublished).  Coriz argues that these cases conflict with Supreme Court precedent, but the cases he cites do not support his argument.  Those cases generally establish that a prosecutor may not shift the burden of proof to a defendant, but they do not address whether a prosecutor may comment on a defendant's ability to subpoena witnesses.  <u>See</u> <u>United States v. Hernandez</u>, 145 F.3d 1433, 1439 (11th Cir. 1998) ("[I]t is not improper for a prosecutor to note that the defendant has the same subpoena powers as the government.").

6

Coriz additionally argues that the prosecution disparaged defense counsel's burden-shifting objection at trial by responding "expected that" in front of the jury. (R., vol. V, at 551.) Coriz does not explain how the district court erred in its handling of this issue, nor how this lone comment prejudiced Coriz. Accordingly, we conclude that the district court did not err in denying Coriz relief on the basis of the "expected that" comment.

In sum, the Court holds that the district court committed no error in dealing with each instance of alleged prosecutorial misconduct. We next consider Coriz's argument that the cumulative impact of prosecutorial misconduct warranted a new trial. We reject this argument as well.

This Court considers the cumulative effect of alleged "prosecutorial errors" to determine whether they "add up to make a trial fundamentally unfair in the aggregate." Le v. Mullin, 311 F.3d 1002, 1022–23 (10th Cir. 2002). The cumulative-error analysis incorporates "only actual errors to determine their cumulative effect"; it does not consider "the cumulative effect of non-errors." United States v. Rivera, 900 F.2d 1462, 1470–71 (10th Cir. 1990). Here, even assuming that the prosecutors engaged in some improper conduct, any such prosecutorial error did not undermine the fundamental fairness of Coriz's trial, because each alleged instance of misconduct was minor, the evidence of Coriz's guilt was strong, and the court properly instructed the jury as to what it could and could not consider. See Gabaldon, 91 F.3d at 95 (affirming the denial of a motion for mistrial, based on these grounds). Accordingly, we reject Coriz's cumulative-error argument.

7

For these reasons, we affirm the district court's denial of Coriz's motion for a new trial.

**B.    The district court did not abuse its discretion in admitting evidence that Coriz had committed prior sexual assaults.**

Coriz's next set of arguments is based on the district court's admission of evidence of Coriz's prior sexual assaults under Federal Rules of Evidence 413 and 414. Coriz argues that these rules are unconstitutional, and that even if not, the district court erred in failing to exclude this evidence under the balancing test of Rule 403. The first argument is clearly foreclosed by precedent, and we reject the second.

**(1)    Rules 413 and 414 are constitutional.**

We need not dwell on Coriz's challenge to the constitutionality of Rules 413 and 414. This Court has already rejected such arguments. See United States v. Enjady, 134 F.3d 1427, 1430–33 (10th Cir. 1998) (Rule 413 does not violate the Due Process Clause); United States v. Castillo, 140 F.3d 874, 879–83 (10th Cir. 1998) (same for Rule 414). Coriz acknowledges this precedent, but asks this Court to "revisit the constitutionality question." (Aplt. Br. 43.) Coriz overlooks that this panel cannot do so "absent en banc reconsideration or a superseding contrary decision by the Supreme Court." In re Smith, 10 F.3d 723, 724 (10th Cir. 1993). Because Coriz identifies no such decision, his constitutional challenge fails.

**(2)    The district court did not err in applying Rule 403.**

Coriz next argues that the district court erred in admitting evidence of his prior sexual assaults by failing to apply Rule 403 in a "meaningful" way. (Aplt. Br. 48.)

8

Coriz's main arguments are that the prior sexual assault evidence was factually dissimilar and dated. We reject these arguments, concluding that this evidence had high probative value and the district court did not abuse its discretion in admitting it.

### i. Legal standard & standard of review

If evidence is otherwise admissible under Rule 413 or Rule 414, a district court must apply Rule 403's balancing test to determine whether the evidence warrants exclusion nonetheless. United States v. Meacham, 115 F.3d 1488, 1492–93 (10th Cir. 1997). That test requires "careful attention to both the significant probative value and the strong prejudicial qualities inherent in all evidence submitted under" these rules. United States v. Guardia, 135 F.3d 1326, 1330 (10th Cir. 1998).

This Court reviews the district court's Rule 403 balancing for an abuse of discretion. Id. at 1328.

### ii. Analysis

Coriz asserts four arguments in challenging the district court's Rule 403 analysis. We determine that each argument is either waived, lacks merit, or both.

Coriz first complains that the district court did not hold an evidentiary hearing to determine the admissibility of the prior sexual assaults evidence. But this argument lacks merit because Coriz fails to (1) identify any authority requiring the court to hold a hearing; (2) argue that the district court's threshold findings were incorrect; and (3) establish prejudice because he does not explain how the lack of an evidentiary hearing harmed him.

9

Coriz's second argument is a broad attack on the probative value of Rule 413 evidence generally, relying on two Department of Justice studies that Coriz asserts show that sex offenders have low recidivism rates. This argument is both waived and forfeited because Coriz did not raise it below and does not assert plain error upon appeal.

Third, Coriz attacks the propensity evidence as stale because of the "substantial lapse in time between the date of trial and the dates of the alleged propensity conduct." (Aplt. Br. 52.) The district court rejected this argument below, ruling that "the multiple allegations span a considerable time-period, showing a frequency and pattern that adds to the probative nature of the incidents, including the older incidents." (R., vol. II, at 417.) We agree. In addition, we note that (1) Coriz does not explain why the district court's view of the evidence is incorrect; (2) neither Rule 413 nor Rule 414 place any strict time limit on the admissibility of evidence; and (3) this Court has previously upheld the admission of prior sexual assaults that were more remote in time than those presented here, based on the similarity to the charged crimes. See Meacham, 115 F.3d at 1492, 1495 (affirming admissibility of 25-year-old sexual assault); United States v. Benally, 500 F.3d 1085, 1091 (10th Cir. 2007) (40-year-old sexual assault).

Finally, Coriz argues that the probative value of his prior sexual assaults is diminished because they were committed against girls who were much younger than C.T. We disagree. As the district court recognized, the evidence demonstrated a pattern of similar sexual touching of younger female family members across a broad

age range. The court concluded that the age differences did not undermine the probative value of that pattern. Coriz does not explain how the court abused its discretion in reaching that conclusion. See United States v. Perrault, 995 F.3d 748, 767–68 (10th Cir. 2021) (rejecting a similar argument).

Coriz's best argument is perhaps the one he raises in his reply brief—that there was so much evidence about how he was a sexual predator that preyed on young women that it made the jury bound to find him guilty regardless of his guilt in this case. Evidence of Coriz's prior sexual assaults against C.T. and her family members was indeed likely highly prejudicial to him, but we cannot say that it was unfairly prejudicial. This sort of propensity evidence is admissible, and Coriz does not argue that the evidence was needlessly cumulative. We have recently rejected an argument similar to Coriz's where much more propensity evidence was presented. See id. at 768–71 (affirming the admission of "testimony from seven Rule 414 witnesses, many of whom testified about dozens of instances of [the defendant's] sexual abuse").

Accordingly, because we conclude that the district court did not abuse its discretion in admitting this evidence, we affirm the court's ruling.

## C. The district court did not err in excluding evidence that C.T. had accused someone else of sexual abuse.

Finally, Coriz challenges the district court's decision to exclude evidence that at the same time C.T. accused Coriz of sexual assault, she also accused D.Y. (Coriz's girlfriend's son) of sexual abuse. Coriz claims that the exclusion violated his constitutional right to present a defense. We hold that the district court did not err in

11

excluding this evidence because Coriz did not establish that C.T.'s allegations against D.Y. were demonstrably false.

### (1)   Legal standard & standard of review

The Sixth Amendment's Confrontation Clause guarantees a criminal defendant's right to confront witnesses against him. However, that right "guarantees an <u>opportunity</u> for effective cross-examination, not cross-examination that is effective in whatever way, and to whatever extent, the defense might wish." <u>Delaware v. Fensterer</u>, 474 U.S. 15, 20 (1985). A district court "retain[s] wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." <u>Delaware v. Van Arsdall</u>, 475 U.S. 673, 679 (1986).

This Court reviews for abuse of discretion a district court's decision to exclude evidence about a prior allegation of sexual abuse. <u>United States v. A.S.</u>, 939 F.3d 1063, 1071 (10th Cir. 2019). However, where, as here, the defendant raises a constitutional objection to the exclusion of his evidence, this Court reviews the exclusion de novo. <u>Id.</u>

### (2)   Analysis

Coriz wanted to introduce evidence that C.T. falsely accused D.Y. of separate sexual assault around the same time she accused Coriz of sexual assault. Coriz hoped to present the evidence of C.T.'s allegedly false allegations against D.Y. to support his theory that she wanted to move out of her family's house and move in with her boyfriend, and so she made up sexual assault allegations against both Coriz and D.Y.

12

to help facilitate the move. As evidence that C.T.'s allegations against D.Y. were false, Coriz points to: (1) D.Y.'s denial of the allegations; (2) D.Y.'s sister, S.P., denying witnessing any such assault, contrary to C.T.'s statements, and (3) the lack of criminal charges against D.Y.

Before trial, the district court ruled that C.T.'s allegations against D.Y. were inadmissible because Coriz had failed to establish that the allegations were "demonstrably false." (R., vol. II, at 385–93.) The court reasoned that D.Y.'s denial and the lack of charges did not prove falsity, and that S.P. (D.Y.'s sister) only stated that she did not know or could not remember seeing any sexual assault. The court deemed those equivocal statements also insufficient to establish falsity. In light of the weak evidence of falsity, the court found the evidence's probative value low, amounting to a general attack on C.T.'s credibility. The court weighed that low probative value against the "strong reasons for excluding the evidence—letting in the evidence could result in a mini-trial that may confuse or mislead the jury concerning the relevant issues"—and concluded that the evidence should be excluded under Rules 403 and 404. (Id. at 392.)

Coriz's arguments on appeal are unresponsive to the district court's reasoning. He does not dispute that he needed to satisfy the demonstrable-falsity standard, and he does not explain how the court erred in applying that standard. Instead, Coriz merely assumes the falsity of the allegations, then argues that he must be allowed to present evidence of such false allegations. Coriz asserts that false allegations would be highly probative of C.T.'s ulterior motives, but he relies on the same reasons for

13

finding falsity rejected by the district court below: (1) D.Y.'s denial, (2) S.P.'s equivocal statements, and (3) the lack of charges against D.Y. The one on-point case Coriz cites in support, an out-of-circuit district court case, involved more evidence of falsity than presented here. See United States v. Stamper, 766 F. Supp. 1396, 1400 (W.D.N.C. 1991). Even after the government pointed out Coriz's continued failure to establish falsity, Coriz declined to address this issue in his reply brief.

This Court has held that evidence of a victim's unrelated sexual conduct may be excluded where it has "little or no probative value." United States v. Powell, 226 F.3d 1181, 1198 (10th Cir. 2000). Moreover, at least in the separate context of excluding extrinsic evidence under Rule 608(b), this Court has upheld the exclusion of evidence where the defendant "could not establish that [the victim's] prior allegation of sexual assault by [a third party] was false." A.S., 939 F.3d at 1076 (recognizing that other courts admitting extrinsic evidence of prior allegations of sexual abuse "have largely done so only when the prior accusations were 'demonstrably false'"); see also United States v. Frederick, 683 F.3d 913, 919–20 (8th Cir. 2012) (holding that any attempt by the defendant "to prove up the falsity" of the victim's sexual assault allegations against a third party "would have triggered a mini-trial concerning allegations unrelated to [the defendant's] case, and thus increased the danger of jury confusion and speculation" (quotation omitted)).

We agree with the government that the district court did not err in concluding that Coriz had failed to establish falsity. The government cites to cases where courts have found prior allegations of sexual assault to be demonstrably false where the

14

complainant admitted the falsity or where physical evidence contradicted the complainant's account. No such circumstances are presented here.

We conclude that the district court did not err in excluding this evidence. Coriz wanted to establish that C.T. had an ulterior motive for accusing him, but he could do that without presenting evidence of C.T.'s allegations against D.Y. Those allegations were only relevant to Coriz's case if they were false, and Coriz had only weak evidence of falsity. We agree with the district court that in light of such weak evidence of falsity, the probative value of these allegations was low and was substantially outweighed by the risk of confusing the jury and turning Coriz's trial into a mini-trial on C.T.'s allegations against D.Y. Accordingly, we affirm the district court's ruling on this issue.

### III. Conclusion

For the reasons provided above, we reject Coriz's claims and AFFIRM the district court's ruling on each issue.

Entered for the Court

David M. Ebel
Circuit Judge

15